IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER LIGHTFOOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. _____ |
| ) | |
| GEORGIA-PACIFIC WOOD ) | |
| PRODUCTS LLC, GEORGIA-PACIFIC ) | |
| LLC, *individually and as successor-in-* ) | |
| *interest to* GEORGIA-PACIFIC ) | |
| CORPORATION, WEYERHAEUSER ) | |
| COMPANY, WEYERHAEUSER NR ) | |
| COMPANY, LOWE'S HOME CENTERS, ) | |
| LLC (NC), and JOHN DOE 1, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Georgia-Pacific Wood Products LLC and Georgia-Pacific LLC ("Georgia-Pacific Defendants"), with consent from Weyerhaeuser Company, Weyerhaeuser NR Company ("Weyerhaeuser Defendants") and Lowe's Home Centers, LLC (NC) ("Lowe's"), hereby remove this action from the State Court of Fulton County, Georgia to this Court pursuant to 28 U.S.C. §§ 1441, et seq., and respectfully show the Court as follows:

## The Removed Case

1.      The removed case is a civil action filed on January 7, 2016 in the State Court of Fulton County, Georgia, captioned *Christopher Lightfoot v. Georgia-Pacific Wood Products LLC, et al.* and assigned Case No. 16EV000075.

2.      No previous application has been made for the relief requested in this removal.

3.      Georgia-Pacific Defendants were served with Plaintiff's complaint on January 20, 2016.

4.      Upon information and belief, the Weyerhaeuser Defendants and Lowe's were served with Plaintiff's complaint on January 14, 2016.

5.      This action is a claim for alleged injuries and damages sustained as a result of Plaintiff's alleged exposure to wood dust and formaldehyde associated with Defendants' products. (Compl. ¶ 1). According to his complaint, Plaintiff, "during the course of engaging in wood-working activities, was exposed to wood dust and formaldehyde from wood products designed, manufactured, marketed, distributed and/or sold by the defendants." (*Id.*)

6.      Plaintiff seeks to recover general, compensatory, and special damages against each Defendant jointly and severally; punitive damages against each Defendant; pre and post judgment interest; and costs. (Compl. at 17, 18).

7. This case is properly removed under 28 U.S.C. § 1441 because original federal jurisdiction lies under 28 U.S.C. § 1332, and the procedural requirements for removal are satisfied. Specifically, complete diversity of citizenship exists between Plaintiff and Defendants; Defendants are not citizens of Georgia; the amount in controversy exceeds $75,000, exclusive of interest and costs; and this Notice of Removal has been timely filed within thirty days of January 20, 2016, the date when Plaintiff served the Georgia-Pacific.

## Papers from Removed Action

8. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and other filings received by the Georgia-Pacific Defendants as well as the Answers of Defendants filed in the State Court of Fulton County, Georgia.

## Filing of Removal Papers

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served upon Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the State Court of Fulton County, Georgia. A true and correct copy of this Notice, without attachments, is attached hereto as Exhibit B.

### Co-Defendants Consent to Removal

10. The Weyerhaeuser Defendants and Lowe's, consent to removal. (*See* Consent to Removal of Weyerhaeuser Defendants, attached as Exhibit C and Consent to Removal of Defendant Lowe's attached as Exhibit D).

### No Defendant is a Citizen of Georgia

11. This action is removable to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1441(b) because no properly joined and served defendant is a citizen of Georgia. Georgia-Pacific Wood Products LLC and Georgia-Pacific LLC are citizens of the State of Kansas (Exhibit E, Affidavit of Mark Berry), Weyerhaeuser Company and Weyerhaeuser NR Company are citizens of the State of Washington (Compl. ¶¶ 6, 7), and Lowe's Home Centers, LLC (NC) is a citizen of the State of North Carolina (Compl. ¶ 8).

### Statement of Statutory Basis for Jurisdiction: Diversity of Citizenship

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and therefore, this action may be removed under 28 U.S.C. § 1441(b). Diversity of citizenship existed at the time Plaintiff commenced this action in state court and continues to exist as of the time of removal, and neither the Georgia-Pacific Defendants, the Weyerhaeuser Defendants, nor Lowe's are citizens of the State of Georgia.

13. Plaintiff has averred that he is a citizen and resident of Georgia. (Compl. ¶ 3). *See McCormick v. Aderholt*, 293 F.3d 1254 (11th Cir. 2002) (citizenship is equivalent to domicile for federal jurisdiction purposes).

14. Because Plaintiff is a citizen of Georgia and no Defendant is a citizen of Georgia, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000**

15. It is apparent from the face of the complaint that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000, exclusive of costs and interest.

16. Where a plaintiff's complaint alleges "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). The amount in controversy requirement is met where it is "facially apparent" from the complaint itself that the amount in controversy exceeds the jurisdictional minimum. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *see also, In re Rezulin Prods.*

*Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding complaint "obviously asserts a claim exceeding $75,000" where the plaintiff sought damages for serious medical conditions and economic losses in a products liability action). Moreover, courts may use their "judicial experience and common sense" to determine whether the case stated in a complaint meets federal jurisdictional requirements. *Michelin North America*, 613 F.3d at 1062.

17. It is not necessary to confirm through discovery that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint . . . . It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery … that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, *3 (S.D. Ill. June 30, 2006) (quoting *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)); *see also Michelin North America*, 613 F.3d at 1062 (requiring a court to "give credence to a plaintiff's representation that the value of the claim is indeterminate" would wrongly deny a defendant "the removal to which it is entitled.").

18. Georgia-Pacific Defendants deny they caused Plaintiff's alleged injuries. However, in light of the alleged severity of the injuries set forth in

Plaintiff's complaint, it is "facially apparent" that the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

## Conclusion

19. This state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Georgia; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**WHEREFORE**, Georgia-Pacific Defendants hereby remove the above-captioned action from the State Court of Fulton County, Georgia, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted, this 15th day of February, 2016.

> s/Anita Wallace Thomas
> Anita Wallace Thomas
> Georgia Bar No. 733628
> Richard K. Hines, V
> Georgia Bar No. 356300
> Nelson Mullins Riley & Scarborough LLP
> 201 17th Street, NW
> Suite 1700
> Atlanta, GA  30363
> PH: (404) 322-6000
> FX: (404) 322-6050
> anita.thomas@nelsonmullins.com
> richard.hines@nelsonmullins.com

Mary K. McLemore
Georgia Bar No. 496922
133 Peachtree Street N.E.
Atlanta, GA 30303
PH: (404) 652-4598
FX: (404) 584-1461
mkmclemo@gapac.com

Attorneys for Defendants Georgia-Pacific Wood Products LLC and Georgia- Pacific LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and also sent a copy of the Notice of Removal via First Class U.S. Mail with sufficient postage to ensure delivery to the following counsel of record:

Robert C. Buck
Buck Law Firm
1050 Crown Pointe Parkway
Suite 940
Atlanta, Georgia 30338

Stephanie B. Sherman
Allen Stewart, P.C.
325 N. St. Paul Street
Suite 4000
Dallas, Texas 75201

This 15th day of February, 2016.

s/Anita Wallace Thomas
Anita Wallace Thomas
Georgia Bar No. 733628