# EXHIBIT A

State Court of Fulton County
**E-FILED**
16EV000075
1/7/2016 2:02:17 PM
Cicely Barber, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. _____

CHRISTOPHER LIGHTFOOT
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

GEORGIA-PACIFIC WOOD PRODUCTS LLC,
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: ROBERT C. BUCK, ESQ., BUCK LAW FIRM

Address: 1050 CROWN POINTE PARKWAY, SUITE 940

City, State, Zip Code: ATLANTA, GA 30338          Phone No.: (678) 338-4999

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____          Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.          _____
                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

# SHERIFF'S ENTRY OF SERVICE — SC-85-2

Reorder from Clyde Castleberry Co., P.O. Box 115, Covington, GA 30015 - 1-800-222-1250

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |

Civil Action No. __16 EV 000075__

Date Filed __1 7 2016__

Georgia, __FULTON__ COUNTY

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Attorney's Address __ROBERT C. BUCK__

**BUCK LAW FIRM**
1050 CROWN POINTE PARKWAY
SUITE 940
ATLANTA, GEORGIA 30338

Name and Address of Party to be Served.

__GEORGIA-PACIFIC WOOD PRODUCTS LLC__

__C/O CT CORPORATION SYSTEM (REG AGENT)__

__1201 PEACHTREE ST NE__

__ATLANTA GA 30361__

__CHRISTOPHER LIGHTFOOT__
Plaintiff

VS.

__GEORGIA-PACIFIC WOOD__

__PRODUCTS LLC ET AL__
Defendant

16EV000075
TSER
SERVICE
755673

Garnishee

SHERIFF'S ENTRY OF SERVICE

---

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

---

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

---

**CORPORATION** ☒

Served the defendant __Georgia-Pacific Wood Products LLC__ a corporation by leaving a copy of the within action and summons with __Andrea Richard__ in charge of the office and place of doing business of said Corporation in this County.

---

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

---

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

---

This __20__ day of __Jan__, 20 __16__

_____
DEPUTY

State Court of Fulton County
**E-FILED**
16EV000075
1/7/2016 2:02:17 PM
Cicely Barber, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

CHRISTOPHER LIGHTFOOT

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

GEORGIA-PACIFIC LLC,

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [X] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: ROBERT C. BUCK, ESQ., BUCK LAW FIRM

Address: 1050 CROWN POINTE PARKWAY, SUITE 940

City, State, Zip Code: ATLANTA, GA 30338 _____ Phone No.: (678) 338-4999

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____        Cicely Barber, Chief Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs not denied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

# SHERIFF'S ENTRY OF SERVICE — SC-85-2

Reorder from Clyde Castleberry Co., P.O. Box 1187, Covington, GA 30015 - 1-800-222-1250

SHERIFF'S ENTRY OF SERVICE     SC-85-2     CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. __16EV000075__

| | | |
|---|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed __1-7-2016__

Georgia, __FULTON__ COUNTY

Attorney's Address __ROBERT C. BUCK__

**BUCK LAW FIRM**
1050 CROWN POINTE PARKWAY
SUITE 940
ATLANTA, GEORGIA 30338

__CHRISTOPHER LIGHTFOOT__
_____ Plaintiff

VS.

__GEORGIA-PACIFIC WOOD PRODUCTS__
__LLC, ETAL__
_____ Defendant

Name and Address of Party to be Served.

__GEORGIA-PACIFIC LLC__
__c/o CT CORPORATION SYSTEM (REG. AGENT)__
__1201 PEACHTREE ST NE__
__ATLANTA GA 30361__

16EV000075
TSER
SERVICE
766682

SHERIFF'S ENTRY OF SERVI

_____ Garnishee

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant __Georgia Pacific LLC__ a corporation by leaving a copy of the within action and summons with __Praveen Redwood__ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __20__ day of __January__, 20 __16__.

_____
DEPUTY

State Court of Fulton County
**E-FILED**
16EV000075
1/7/2016 2:02:17 PM
Cicely Barber, Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHRISTOPHER LIGHTFOOT ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO.: |
| ) | |
| GEORGIA-PACIFIC WOOD ) | _____ |
| PRODUCTS LLC, GEORGIA- ) | |
| PACIFIC, LLC, *individually and* ) | |
| *as successor-in-interest to* ) | COMPLAINT FOR DAMAGES |
| GEORGIA-PACIFIC ) | |
| CORPORATION, ) | JURY TRIAL DEMANDED |
| WEYERHAEUSER COMPANY, ) | |
| WEYERHAEUSER NR ) | |
| COMPANY, LOWES HOME ) | |
| CENTERS, LLC (NC), and ) | |
| JOHN DOE 1. ) | |

### DEFENDANTS.

### COMPLAINT FOR DAMAGES

NOW COMES CHRISTOPHER LIGHTFOOT (hereinafter, "Plaintiff"), by and through his attorneys, complaining of the Defendants, and alleges as follows:

### INTRODUCTION

1.    The Plaintiff brings this action for personal injuries sustained as a result of his history of exposure to wood dust and formaldehyde associated with the Defendants products. Plaintiff was first diagnosed with sinonasal

adenocarcinoma in a medical report signed by his pathologist on April 14, 2014. Sinonasal adenocarcinoma is a debilitating and disfiguring form of sinus cancer that is caused by exposure to wood dust and formaldehyde. Plaintiff, during the course of engaging in wood-working activities, was exposed to wood dust and formaldehyde from wood products designed, manufactured, marketed, distributed and/or sold by the defendants. Plaintiff brings claims for products liability and negligence against the defendants.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over these defendants, who are domestic and foreign entities registered to do business in the State of Georgia with the Georgia Secretary of State, or alternatively, are entities that have affirmatively placed wood products into the stream of commerce with the reasonable expectation and knowledge that such wood products would be marketed, bought, sold, distributed, and put to use within the State of Georgia, as well as other states, within the United States of America.

## PARTIES

3.    Plaintiff CHRISTOPHER LIGHTFOOT is a resident and citizen of Fulton County, State of Georgia.

4.    Defendant GEORGIA-PACIFIC WOOD PRODUCTS LLC is a Delaware business entity that is duly registered with the Georgia Secretary of

2

State, is otherwise authorized to transact business in the State of Georgia, and is subject to the jurisdiction and venue of this Court. GEORGIA-PACIFIC WOOD PRODUCTS LLC maintains its principal place of business at 133 Peachtree Street NE, Georgia-Pacific Center, Atlanta, Georgia 30303. Defendant GEORGIA-PACIFIC WOOD PRODUCTS LLC may be served with Summons and Complaint through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

5. Defendant GEORGIA-PACIFIC LLC *individually and as successor-in-interest to* GEORGIA-PACIFIC CORPORATION is a Delaware business entity that is duly registered with the Georgia Secretary of State, is otherwise authorized to transact business in the State of Georgia, and is subject to the jurisdiction and venue of this Court. GEORGIA-PACIFIC LLC *individually and as successor-in-interest to* GEORGIA-PACIFIC CORPORATION maintains its principal place of business at 133 Peachtree Street NE, Georgia-Pacific Center, Atlanta, Georgia 30303. Defendant GEORGIA-PACIFIC LLC *individually and as successor-in-interest to* GEORGIA-PACIFIC CORPORATION may be served with Summons and Complaint through its registered agent for service of process, C. T.

3

Corporation System, 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.

6.     Defendant WEYERHAEUSER COMPANY is a Washington corporation that has duly registered with the Georgia Secretary of State, is otherwise authorized to transact business in the State of Georgia, and is subject to the jurisdiction and venue of this Court. WEYERHAEUSER COMPANY maintains its principal place of business at P.O. Box 9777, Federal Way, Washington 98063. Defendant WEYERHAEUSER COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

7.     Defendant WEYERHAEUSER NR COMPANY is a Washington corporation that has duly registered with the Georgia Secretary of State, is otherwise authorized to transact business in the State of Georgia, and is subject to the jurisdiction and venue of this Court. WEYERHAEUSER NR COMPANY maintains its principal place of business at 33663 Weyerhaeuser Way South, Federal Way, Washington 98003. Defendant WEYERHAEUSER NR COMPANY may be served with Summons and Complaint through its registered agent for service of process, Corporation

4

Service Company, 40 Technology Parkway South, #300, Norcross, Gwinnett County, Georgia, 30092.

8. Defendant LOWE'S HOME CENTERS, LLC (NC) is a North Carolina corporation that has duly registered with the Georgia Secretary of State, is otherwise authorized to transact business in the State of Georgia, and is subject to the jurisdiction and venue of this Court. Defendant LOWE'S HOME CENTERS, LLC (NC) maintains its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697. Defendant LOWE'S HOME CENTERS, LLC (NC) may be served with Summons and Complaint through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

9. Defendant JOHN DOE No. 1 is believed to be Georgia or foreign corporation, partnership, associations or other legal entities that have transacted business in the State of Georgia and are responsible for the injuries and damages incurred by Plaintiff. Once the identity and the whereabouts of the John Doe Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Defendant JOHN DOE No. 1 is subject to the jurisdiction and venue of this Court.

5

## FACTUAL ALLEGATIONS

10.    Plaintiff was first diagnosed with sinonasal adenocarcinoma in a medical report signed by his pathologist on April 14, 2014. Sinonasal adenocarcinoma is a debilitating and disfiguring form of sinus cancer that is caused by exposure to certain toxic substances including wood dust and formaldehyde.  Plaintiff, during the course of engaging in wood-working activities, was exposed to wood dust and formaldehyde from wood products designed, manufactured, marketed, distributed and/or sold by the defendants.

11.    Plaintiff's exposure to wood dust and formaldehyde occurred during his childhood when he worked with his father, Thomas Lightfoot, from approximately 1982 through 1992 at their family's home-based wood shop located in Hertford, North Carolina. Plaintiff and his father built and sold wood furniture, decks, fences, and various wooden arts and crafts. Plaintiff's father worked as a maintenance mechanic and technician at Defendant WEYERHAEUSER's wood treating plant located at 1000 North Carolina 149, Plymouth, North Carolina 27962, and did his wood-working after work and on weekends. Plaintiff worked at the wood shop 4-6 days a week after school and on weekends from age 7 to 17.

6

12.    Plaintiff and his father used wood products designed, formulated, manufactured, processed, labeled, distributed and/or sold by defendants WEYERHAEUSER and GEORGIA PACIFIC. The WEYERHAEUSER wood products were purchased from WEYERHAEUSER's facility located at 1000 North Carolina 149, Plymouth, North Carolina 27962. The WEYERHAEUSER wood products included plywood and treated and untreated wood of various sizes including 1x4, 2x4, 2x6, 2x10, 2x12, 4x4, 4x8.

13.    The GEORGIA PACIFIC wood products were purchased from Defendant LOWE'S HOME CENTERS, LLC (NC) at its Lowe's hardware located in Elizabeth City, North Carolina, and included bonded plywood, birth plywood, and untreated wood of various sizes including 2x4.

14.    Plaintiff's job duties included sanding, cutting, and drilling WEYERHAEUSER and GEORGIA PACIFIC wood and wood products and cleaning up wood dust and particles.  While performing his normal duties, Plaintiff was exposed to large amounts of wood dust, formaldehyde, and other carcinogens released from the wood products designed, formulated, manufactured, processed, labeled, marketed, distributed and/or sold by the defendants. Plaintiff was further exposed to wood dust, formaldehyde, and

other carcinogens by working around his father who also was working directly with defendants' wood products.

15. On or about April 14, 2014, Plaintiff was diagnosed with adenocarcinoma, at the age of 39 in the State of Georgia. He underwent surgery to remove the tumor. In October 2014, Plaintiff's tumor returned along with a second tumor. Plaintiff underwent chemotherapy and radiation treatments but remains under medical care and surveillance.

16. Plaintiff's diagnosis with his injury was the last occurrence necessary to establish his claims against the defendants named in this action. Because the last event necessary to establish the claims asserted in this action occurred in Georgia, the substantive law of the State of Georgia applies to the claims asserted in this action.

17. Plaintiff's exposure to wood dust and formaldehyde released from the wood products designed, formulated, manufactured, processed, labeled, marketed, distributed and/or sold by the defendants was a legal cause of his developing sinus cancer and associated injuries and illnesses.

## FIRST CAUSE OF ACTION

### (Negligence)

8

18.   Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

19.   Plaintiff used and was exposed to wood products designed, manufactured, processed, labeled, packaged, sold, marketed, and distributed by the defendants.  As a result of the use and exposure to defendants' wood products, Plaintiff inhaled and absorbed wood dust and formaldehyde emanating from defendants' wood products when such products were cut, drilled, sanded, and sawed.  As a direct and proximate result of the acts and omissions of each defendant, Plaintiff developed sinonasal adenocarcinoma, an aggressive, debilitating, and disfiguring form of sinus cancer caused by wood dust and formaldehyde exposure.

20.   At all times relevant hereto, each defendant knew, or should have known, that its wood products would be used without inspection for defects and that any such inspection would not have advised Plaintiff of the fact that the exposure to wood dust and formaldehyde emanating from their products during normal use could cause Plaintiff to develop sinus cancer.  Such facts made each of the defendants' products inherently and unreasonably dangerous in that Plaintiff was not appraised of, and did not contemplate, the danger of contracting sinus cancer as a result of his use, proximity, exposure to, and

9

inhalation of, wood dust and formaldehyde contained in, or emanating from, each of the defendants' products.

21.    Each defendant was in the business of designing, manufacturing, labeling, packaging, selling, marketing, and/or distributing wood products that through their customary and intended use resulted in the release and disbursement of wood dust and formaldehyde into the air that Plaintiff breathed at all times relevant to this action. Each defendant knew that Plaintiff, and others similarly situated, would come in contact with wood dust and formaldehyde emanating from their products and would be exposed to an unreasonable risk of harm due to the inhalation of wood dust and formaldehyde. Each defendant knew, or should have known, that Plaintiff, or others similarly situated, would be in danger of developing sinonasal cancer. Wood dust and formaldehyde are known human carcinogens. Each defendant was negligent in one, some or all of the following respects, and such negligence was the direct and proximate cause of Plaintiff's injuries and disabilities:

a.    In failing to adequately warn Plaintiff and others similarly situated of the dangerous characteristics of their products and failing to warn Plaintiff that he could develop fatal injuries including, but not

limited to, sinonasal cancer, as a result of being exposed to wood dust and formaldehyde emanating from defendant's products.

b.      In failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any existed, to protect him from being harmed and disabled by wood dust and formaldehyde emanating from defendant's products.

c.      In failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and a safe method of handling or using wood products.

d.      In failing to test the wood products to determine the types and levels of carcinogens contained in the products and which are released during normal use of the products before selling and distributing them.

e.      In failing to warn or advise Plaintiff and others similarly situated, whom the defendants either knew or should have known would be, or had been, exposed to the danger of inhalation of wood dust and formaldehyde resulting from the ordinary and foreseeable use of their products, as to the dangers associated with such products and to avoid or cease all future exposure to wood dust and formaldehyde due to the increasing danger associated with each exposure.

11

f.     In failing to warn or advise Plaintiff and others similarly situated, whom the defendants either knew or should have known would be, or had been, exposed to wood dust and formaldehyde emanating from defendants' products, of the danger associated with the inhalation of such dust, as well as the continuing danger to Plaintiff, as a result of wood dust and formaldehyde emanating from each defendants' products and from others who worked with and around defendants' products.

g.     In failing to provide adequate warnings on the wood products themselves concerning the risk of cancer and death resulting from exposure to wood dust and formaldehyde emanating from defendants' products.

22.    The products that caused Plaintiff to be exposed to wood dust and formaldehyde were at all times relevant to this action being used in the manner in which the defendants intended them to be used.

23.    Defendants' products failed to perform as safely as Plaintiff and others similarly situated expected they would, in that the products caused Plaintiff and others to develop injuries as a result of inhalation of the wood dust and formaldehyde originating or emanating from defendants' products.

24. At all times relevant hereto, it was feasible for each defendant to have:

    a.     adequately warned Plaintiff of the dangers associated with their products and what protective equipment is necessary to reduce or eliminate injury;

    b.     further test their products to appreciate and eliminate any danger associated with their use; and

    c.     designed a safer product.

25. Defendants' negligent, grossly negligent, willful, wanton and reckless conduct, as described herein, was the direct and proximate cause of the Plaintiff's illness and injuries, as a result of which Plaintiff has suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be proven at a trial of this action.

26. Plaintiff is entitled to recover damages against each defendant for defendants' individual and collective acts of negligence in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Products Liability Negligence)

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

28. Each of defendants' wood products was sufficiently defective to cause the defendants to be liable to Plaintiff under a theory of products liability based in negligence. Each of defendants' products was defective, *inter alia*, in their design, manufacture, and lack of proper or sufficient warnings. The subject products possessed latent characteristics and latent manufacturing and design defects existing at the time they were manufactured and at the time Plaintiff was exposed to them. Each defendant either knew, or in the exercise of reasonable care should have known, that their products would cause injuries in the form of sinus cancer to those individuals such as Plaintiff who were exposed to wood dust and formaldehyde released from their products either directly or as a result of bystander exposure. Plaintiff's injuries were a foreseeable consequence of the negligence of each defendant.

29. At the time the defendants sold and delivered the products which resulted in Plaintiff's exposure to wood dust and formaldehyde, and at the time those products were used in the manner and environment intended and without substantial change affecting their condition, the products contained

14

latent characteristics or latent manufacturing and design defects, and were defective and unreasonably dangerous and unfit for their intended use in that:

a. The products contained inadequate health and safety warnings and otherwise failed to contain warnings sufficient to advise Plaintiff that the wood dust and formaldehyde released during the intended use of the products was poisonous and extremely harmful to his health.

b. The products contained inadequate health and safety warnings and otherwise failed to contain warnings sufficient to advise Plaintiff that the products, when cut, drilled, or sanded would cause the release of carcinogens including wood dust and formaldehyde.

c. The products did not contain warnings regarding sufficient protective appliances or equipment to reduce or eliminate Plaintiff's inhalation of highly harmful wood dust and formaldehyde associated with use of the products.

d. The products did not contain warnings to advise Plaintiff that using the products as intended and without adequate protective measures could lead to the development of sinus cancer.

e. Defendants were engaged in the distribution and sale of these wood products that, without substantial change in the condition in

which each defendant sold them, were the proximate cause of Plaintiff's injury.

23.     Each defendant and its predecessor-in-interest knew that its products would be used without inspection for defects, and by placing them on the market represented that they would safely do the job for which they were intended.

24.     Plaintiff was unaware of the hazards and defects in the products of the defendants, which made those products unsafe for their intended purposes.

25.     At all times relevant hereto, the wood products of each of the defendants were used in the manner intended by the defendants.

26.     Defendants' unreasonably dangerous, defective products were the direct and proximate cause of Plaintiff's injuries, and, as a result, Plaintiff suffered damages in the form of medical expenses, physical disability, mental and physical pain and suffering, extreme emotional distress, and other damages as can be identified at a trial of this action.

27.     Plaintiff is entitled to recover damages against each defendant under a theory of product liability, which includes negligence, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

## (Punitive Damages)

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

29. The conduct of each defendant as set forth hereinabove showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against each defendant pursuant to O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter each defendant from repeating or continuing such unlawful conduct.

**WHEREFORE, Plaintiff prays:**

a. That process issue according to law;

b. That each defendant be served with a copy of Plaintiff's Complaint and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

c. That Plaintiff be granted a trial by jury in this matter;

d. That the Court enter a judgment against each defendant, jointly and severally, for all general and compensatory damages allowable to Plaintiff;

17

e. That the Court enter a judgment against each defendant, jointly and severally, for all special damages allowable to Plaintiff;

f. That the Court enter a judgment against each defendant serving to award Plaintiff's punitive damages under the provisions of O.C.G.A. § 51-12-5.1 and as otherwise provided by law;

g. That the Court enter a judgment against each defendant, jointly and severally, for all other relief sought by Plaintiff under this Complaint;

h. That the costs of this action be cast upon defendants;

i. That Plaintiff recover prejudgment and post judgment interest; and

j. That the Court grant Plaintiff such further relief, both special and general, to which the Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted this 7th day of January, 2015.


s/Robert C. Buck
Robert C. Buck
Georgia Bar No. 092495



18

Suite 940
1050 Crown Pointe Parkway
Atlanta, Georgia 30338
(678) 338-4999 Telephone
(678) 338-4990 Facsimile

**ALLEN STEWART, P.C.**
Stephanie B. Sherman
ssherman@allenstewart.com
Texas Bar No. 24006906
*Pro Hac Vice Applicant*
325 N. St. Paul Street, Suite 4000
Dallas, Texas 75201
(214) 965-8700 Telephone
(214) 965-8701 Facsimile

**ATTORNEYS FOR PLAINTIFF**

State Court of Fulton County
**E-FILED**
16EV000075
2/15/2016 4:14:42 PM
LeNora Ponzo, Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CHRISTOPHER LIGHTFOOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. 16EV000075 |
| | ) |
| GEORGIA-PACIFIC WOOD PRODUCTS | ) |
| LLC, GEORGIA-PACIFIC LLC, *individually* | ) |
| *and as successor-in-interest to* GEORGIA- | ) |
| PACIFIC CORPORATION, | ) |
| WEYERHAEUSER COMPANY, | ) |
| WEYERHAEUSER NR COMPANY, | ) |
| LOWE'S HOME CENTERS, LLC (NC), and | ) |
| JOHN DOE 1, | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF GEORGIA-PACIFIC WOOD PRODUCTS LLC
### AND GEORGIA-PACIFIC LLC TO PLAINTIFF'S COMPLAINT
### FOR DAMAGES

Georgia-Pacific Wood Products LLC ("GPWP") and Georgia-Pacific LLC
("GP") ("collectively Georgia-Pacific") [incorrectly denominated in the Complaint
as "successor-in-interest to Georgia-Pacific Corporation"], without admitting that
appropriate venue lies in this Court, serve and file their Answer to Plaintiff's
Complaint for Damages and say[1]:

---

[1] The singular or plural verb form or personal pronoun may be used inter-
changeably throughout when referring to Georgia-Pacific.

1

## FOR A FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Georgia-Pacific upon which relief can be granted.

## FOR A SECOND DEFENSE

Venue may not properly lie in this forum but rather may properly lie elsewhere.

## FOR A THIRD DEFENSE

The substantive causes of action and all claims and defenses attendant thereto may be controlled under Georgia choice of law principles by the law of another state.

## FOR A FOURTH DEFENSE

Georgia-Pacific reserves the right to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and further reserves the right to seek application of the law of the appropriate venue on all issues, including, but not limited to, statute of limitations, statute of repose, and punitive damages.

## FOR A FIFTH DEFENSE

There may be a lack of joinder of one or more parties who should or must be joined, and, without joinder of these proper parties, complete relief can not be accorded among those already attempted to be made parties to this civil action.

2

## FOR A SIXTH DEFENSE

Georgia-Pacific reserves the right to amend this Answer, if appropriate after full investigation and discovery.

## FOR A SEVENTH DEFENSE

Georgia-Pacific further reserves the right to assert such other defenses as may become appropriate based on information acquired through discovery or otherwise in the course of this litigation.

## FOR A EIGHTH DEFENSE

Georgia-Pacific was not negligent in connection with the transactions and occurrences that form the subject matter of Plaintiff's Complaint with the result that Plaintiff is not entitled to recover against Georgia-Pacific in this cause.

## FOR A NINTH DEFENSE

No act or omission on the part of Georgia-Pacific caused or proximately contributed to cause the injuries or damage, if any, claimed by Plaintiff with the result that Plaintiff is not entitled to recover in this cause against Georgia-Pacific.

## FOR A TENTH DEFENSE

The injuries claimed by Plaintiff were caused by the negligence or fault of Plaintiff with the result that Plaintiff himself is barred of recovery in this cause.

3

### FOR A ELEVENTH DEFENSE

If Georgia-Pacific were negligent -- which is denied -- Plaintiff Christopher Lightfoot, in the exercise of ordinary care, could have avoided the consequences to himself of any alleged negligence on the part of Georgia-Pacific with the result that Plaintiff is not entitled to recover in this cause against Georgia-Pacific.

### FOR A TWELFTH DEFENSE

Christopher Lightfoot voluntarily -- and with appreciation of the risk -- assumed the risk of injury to himself with the result that Plaintiff is not entitled to recover from Georgia-Pacific in this cause.

### FOR A THIRTEENTH DEFENSE

The injuries and damage claimed by Plaintiff did not result in whole or in part from any act or omission on the part of Georgia-Pacific, but such damages, if any, resulted from the acts or omissions of persons or entities other than Georgia-Pacific for whose acts or omissions Georgia-Pacific was and is in no way liable with the result that Plaintiff is not entitled to recover from Georgia-Pacific in this cause.

### FOR A FOURTEENTH DEFENSE

Plaintiff's recovery is barred, in whole or in part, or subject to reduction, under the doctrines of contributory and/or comparative negligence and fault by Plaintiff Christopher Lightfoot.

4

## FOR A FIFTEENTH DEFENSE

Only in the event that it is determined that Plaintiff Christopher Lightfoot is entitled to recover against Georgia-Pacific -- which Georgia-Pacific denies -- pursuant to the provisions of O.C.G.A. § 51-12-33, recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff Christopher Lightfoot, and the reduced recovery should be apportioned among any remaining Defendant(s) determined to be at fault, not currently joined, or other persons, including any party immune from litigation, as well as any party, or non-party with whom Plaintiff has settled or may settle in the future, and any such recovery should be apportioned accordingly among the parties or non-parties at fault in proportion to their respective assigned degree or percentage of negligence or fault, Georgia-Pacific at all times denying it was negligent or at fault.

## FOR A SIXTEENTH DEFENSE

The sole proximate cause of Plaintiff Christopher Lightfoot's alleged injury was the result of the negligence of a person or persons or entity for whose act or omissions Georgia-Pacific was and is no way liable with the result that Plaintiff is not entitled to recovery in this cause against Georgia-Pacific.

## FOR A SEVENTEENTH DEFENSE

If Plaintiff Christopher Lightfoot has been injured, the negligence or fault of Plaintiff Christopher Lightfoot constitutes the sole, intervening, and superseding

5

cause of Plaintiff's alleged injury with the result that Plaintiff is not entitled to recover in this cause against Georgia-Pacific.

## FOR A EIGHTEENTH DEFENSE

If Plaintiff has been injured, Plaintiff's alleged injuries were caused by unforeseeable, independent, intervening, and/or superseding events for which Georgia-Pacific is not legally responsible with the result that Plaintiff is not entitled to recover in this cause.

## FOR A NINETEENTH DEFENSE

The exposures, illnesses, and injuries, if any, of which Plaintiff complains were contributed to by the negligence of Plaintiff.

## FOR A TWENTIETH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, statute of repose, estoppel, and/or laches.

## FOR A TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release and estoppel.

## FOR A TWENTY-SECOND DEFENSE

Georgia-Pacific at all relevant times complied with applicable federal, state, or other regulations covering the manufacture, sale, packaging, and distribution of wood products, including wood products containing formaldehyde and as a result of such compliance, Plaintiff may not recover against Georgia-Pacific in this cause.

6

## FOR A TWENTY-THIRD DEFENSE

To the extent that Plaintiff's use of products manufactured, distributed, or sold by Georgia-Pacific was contrary to express and adequate instructions/ warnings delivered with, appearing on, or attached to the product, or that Plaintiff knew or in the exercise of reasonable care should have known, Plaintiff is barred from recovering from Georgia-Pacific.

## FOR A TWENTY-FOURTH DEFENSE

The allegations of product defect fail because the allegations speak to an inherent characteristic of the wood products in question that can not be eliminated without substantially compromising or eliminating the products' utility, usefulness, or desirability.

## FOR A TWENTY-FIFTH DEFENSE

Plaintiff put the products complained of in Plaintiff's Complaint to abnormal use, mishandled the products, altered the products, abused the products and misused the products, and all or any of such acts by Plaintiff caused or contributed to the injuries, illness, and disease complained of by Plaintiff with the result that Plaintiff is barred from recovery herein.

## FOR A TWENTY-SIXTH DEFENSE

There was no defect in the wood products as alleged in Plaintiff's Complaint with the result that Plaintiff is not entitled to recover against Georgia-Pacific in this cause.

## FOR A TWENTY-SEVENTH DEFENSE

If there were any defect in the subject wood products -- and Georgia-Pacific denies any such defect -- there was no causal connection between any alleged defect in the wood products on the one hand and damages to Plaintiff on the other with the result that Plaintiff is not entitled to recover against Georgia-Pacific in this cause.

## FOR A TWENTY-EIGHTH DEFENSE

The subject wood products are reasonably safe as measured by the risk utility analysis under Georgia law.

## FOR A TWENTY-NINTH DEFENSE

Georgia-Pacific is not liable to Plaintiff for any alleged failure to warn with the result that Georgia-Pacific is not liable in this cause.

## FOR A THIRTIETH DEFENSE

Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in the production and/or marketing and sale of wood products at

8

issue conformed with the generally recognized, reasonably available, and reliable state of industry knowledge when the product was manufactured and marketed.

## FOR A THIRTY-FIRST DEFENSE

At all times material hereto, the state of the medical, scientific, and industrial art was such that there was no generally accepted or recognized knowledge of any potential danger regarding the wood dust, wood products, and formaldehyde-containing wood products described in Plaintiff's Complaint when used in the manner and for the purpose intended so that there was no duty by Georgia-Pacific to know of such potential danger or to warn Plaintiff or others similarly situated.

## FOR A THIRTY-SECOND DEFENSE

It was not reasonably foreseeable to these Defendants that Plaintiff could have suffered injury and damage based upon the allegations set forth in Plaintiff's Complaint with the result that Plaintiff is not entitled to recover in this cause.

## FOR A THIRTY-THIRD DEFENSE

These Defendants, in the exercise of ordinary care, could not have foreseen that the Plaintiff Christopher Lightfoot -- due to his alleged inhalation of wood dust or formaldehyde-containing air or wood dust -- would contract cancer with the result that there was no negligence on the part of Georgia-Pacific and Plaintiff is not entitled to recover in this cause.

9

## FOR A THIRTY-FOURTH DEFENSE

At all times germane to this lawsuit, the medical state of the art was and is such that there is no scientifically acceptable biostatistical cause and effect relationship between the inhalation of wood dust or formaldehyde-containing air or wood dust on the one hand and the development of sinonasal carcinoma as alleged in Plaintiffs' Complaint,on the other with the result that Georgia-Pacific has no liability.

## FOR A THIRTY-FIFTH DEFENSE

The state of the art was such that even if it should develop that there were some causal connection between Plaintiff's alleged inhalation of wood dust or formaldehyde-containing air or wood dust on the one hand and his alleged sinonasal cancer on the other -- which is specifically denied -- Georgia Pacific was in no way negligent with respect to Plaintiff Christopher Lightfoot with the result that Plaintiff is not entitled to recover in this cause against Georgia-Pacific.

## FOR A THIRTY-SIXTH DEFENSE

Plaintiff's cancer, as alleged in Plaintiff's Complaint, was caused by factors unrelated to and in no way connected with any act or omission on the part of Georgia-Pacific with the result that Plaintiff is not entitled to recover in this cause against Georgia-Pacific.

## FOR A THIRTY-SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages.

## FOR A THIRTY-EIGHTH DEFENSE

Plaintiff's Complaint for punitive damages is barred, in whole or in part, by the provisions of O.C.G.A. § 51-12-5.1.

## FOR A THIRTY-NINTH DEFENSE

No alleged act or omission of Georgia-Pacific constituted willful misconduct, malice, fraud, wantonness, oppression, or any alleged entire want of care which would raise the presumption of conscious indifference to the consequences so as to entitle Plaintiff to punitive damages in accordance with O.C.G.A. § 51-12-5.1.

## FOR A FORTIETH DEFENSE

With respect to Plaintiff's claim to recover punitive damages, Georgia-Pacific specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of, *e.g., BMW of No. America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

## FOR A FORTY-FIRST DEFENSE

Plaintiff's claim for punitive damages is not supported by the evidence or law, and on account thereof, Plaintiff is not entitled to recover punitive damages from Georgia-Pacific.

## FOR A FORTY-SECOND DEFENSE

Plaintiff's claim for punitive damages violates Georgia-Pacific's rights to procedural due process under the 14th Amendment of the United States Constitution and the Constitution of the State of Georgia and, therefore, fails to state a cause of action or set forth a claim upon which punitive damages can be awarded.

## FOR A FORTY-THIRD DEFENSE

Plaintiff's claim for punitive damages violates Georgia-Pacific's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph VXII of the Constitution of the State of Georgia and violates Georgia-Pacific's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and, therefore, fails to state a cause of action or set forth a claim supporting Plaintiff's punitive damages claim.

## FOR A FORTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article 6 of the Constitution of the United States.

## FOR A FORTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages against Georgia-Pacific cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially, and as applied.

## FOR A FORTY-SIXTH DEFENSE

With respect to Plaintiff's claim to recover punitive damages, that claim contravenes the rights of Georgia-Pacific under the following provisions of the United States Constitution and analogous provisions of the Georgia Constitution:

Plaintiff's claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a showing which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

13

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Georgia-Pacific, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes

14

upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)   The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)   The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)   The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FOR A FORTY-SEVENTH DEFENSE AND BY WAY OF FURTHER ANSWER TO THE INDIVIDUALLY NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT

## INTRODUCTION

### 1.

The first and last sentences of Paragraph 1 of Plaintiff's Complaint constitute introductory statements to which Georgia-Pacific does not need to respond. To the extent that the said sentences purport to cast liability either directly or indirectly upon Georgia Pacific, they are denied. Georgia-Pacific is without sufficient knowledge information or belief either to admit or to deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

15

## JURISDICTION AND VENUE

### 2.

Responding to the allegations of Paragraph 2 of Plaintiff's Complaint on behalf of Georgia-Pacific, Georgia-Pacific denies the allegations of Paragraph 2 of Plaintiff's Complaint.

## PARTIES

### 3.

Georgia-Pacific is without sufficient knowledge information or belief either to admit or deny the allegations of Paragraph 3 of Plaintiff's Complaint.

### 4.

GPWP denies the allegations of Paragraph 4 as written. Rather, GPWP avers that it is a limited liability company organized under the laws of the State of Delaware, is registered with the Secretary of State of Georgia, and is authorized to do business in the state of Georgia. GPWP otherwise denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

### 5.

GP denies the allegations of Paragraph 5 as written. Rather, GP avers that it is a limited liability company organized under the laws of the State of Delaware, is registered with the Secretary of State of Georgia, and is authorized to do business

in the State of Georgia. GP otherwise denies the remaining allegations of Paragraph 5 of Plaintiff's Complaint.

6.

The allegations of Paragraph 6 are not addressed to Georgia-Pacific and therefore no response to said paragraph is required by Georgia-Pacific. However, to the extent that Paragraph 6 purports to cast liability either directly or indirectly upon Georgia-Pacific, Paragraph 6 of Plaintiff's Complaint is denied.

7.

The allegations of Paragraph 7 are not addressed to Georgia-Pacific and therefore no response to said paragraph is required by Georgia-Pacific. However, to the extent that Paragraph 7 purports to cast liability either directly or indirectly upon Georgia-Pacific, Paragraph 7 of Plaintiff's Complaint is denied.

8.

The allegations of Paragraph 8 are not addressed to Georgia-Pacific and therefore no response to said paragraph is required by Georgia-Pacific. However, to the extent that Paragraph 8 purports to cast liability either directly or indirectly upon Georgia-Pacific, Paragraph 8 of Plaintiff's Complaint is denied.

9.

The allegations of Paragraph 9 are not addressed to Georgia-Pacific and therefore no response to said paragraph is required by Georgia-Pacific. However,

to the extent that Paragraph 9 purports to cast liability either directly or indirectly upon Georgia-Pacific, Paragraph 9 of Plaintiff's Complaint is denied.

## **FACTUAL ALLEGATIONS**

10.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

11.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 11 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

12.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

13.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 13 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

14.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 14 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

15.

Georgia Pacific is without sufficient knowledge information or belief either to admit or to deny the allegations contained in Paragraph 15 of Plaintiff's Complaint. The allegations of this Paragraph are therefore denied.

16.

The allegations of Paragraph 16 of Plaintiff's Complaint purport to set forth legal conclusions based upon a representation of fact. To the extent the factual representation is inaccurate or to the extent the legal conclusions vary from the law of the state of Georgia -- or other applicable substantive law -- the allegations of Paragraph 16 of Plaintiff's Complaint are denied.

17.

The allegations of Paragraph 17 of Plaintiff's Complaint are denied.

## FIRST CAUSE OF ACTION

### Negligence

18.

Georgia-Pacific readopts and re-alleges as though set out herein verbatim its answers and responses to each and every allegation contained in this Complaint.

19.

Georgia-Pacific denies the allegations of Paragraph 19 of Plaintiff's Complaint.

20.

Georgia-Pacific denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.

Georgia-Pacific denies the allegations contained in Paragraph 21 -- and all subparagraphs thereof -- of Plaintiff's Complaint.

22.

Georgia-Pacific denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Georgia-Pacific denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Georgia-Pacific denies the allegations of Paragraph 24 -- and all subparagraphs thereof – of Plaintiff's Complaint.

25.

Georgia-Pacific denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Georgia-Pacific denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### (Products Liability Negligence)

27.

Georgia-Pacific readopts and re-alleges as though set out herein verbatim its answers and responses to each and every allegation contained in this Complaint.

28.

Georgia-Pacific denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Georgia-Pacific denies the allegations contained in Paragraph 29 -- and all subparagraphs thereof -- of Plaintiff's Complaint.

21

23. [mis-numbered]

Georgia-Pacific denies the allegations contained in mis-numbered paragraph 23 of Plaintiff's Complaint.[2]

24.

Georgia-Pacific denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Georgia-Pacific denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Georgia-Pacific denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Georgia-Pacific denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

---

[2] The remaining numbered paragraphs of Plaintiff's Complaint are "mis-numbered." Georgia-Pacific responds to the remaining numbered paragraphs as 24 et seq. in order to follow the numbering sequence of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

## (Punitive Damages Negligence)

28.

Georgia-Pacific readopts and re-alleges as though set out herein verbatim its answers and responses to each and every allegation contained in this Complaint.

29.

Georgia-Pacific denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

Georgia-Pacific denies the unnumbered "WHEREFORE" paragraph of Plaintiff's Complaint and all subparagraphs thereof. Georgia-Pacific denies each and every cause of action, paragraph, or subparagraph not referred to herein specifically by number or by letter and denies that Plaintiff is entitled to recover of Georgia-Pacific in this cause.

## JURY DEMAND

Plaintiff's demand for trial by jury requires no response from this Defendant.

WHEREFORE, having answered Plaintiff's Complaint fully, Defendants GPWP and GP pray that they be discharged hence with its reasonable cost of court.

23

Respectfully submitted this 15th day of February, 2016.

s/Anita Wallace Thomas
Anita Wallace Thomas
Georgia Bar No. 733628
anita.thomas@nelsonmullins.com
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com
Sean Kirwin
Georgia Bar No. 318130
sean.kirwin@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA  30363
PH: (404) 322-6000
FX: (404) 322-6050

Mary K. McLemore
Senior Counsel, Litigation
133 Peachtree Street N.E.
Atlanta, GA 30303
PH: (404) 652-4598
FX: (404) 584-1461
mkmclemo@gapac.com

Attorneys for Defendants Georgia-Pacific
Wood Products LLC and Georgia- Pacific
LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2016, I electronically filed the foregoing ANSWER OF GEORGIA-PACIFIC WOOD PRODUCTS LLC AND GEORGIA-PACIFIC LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES using the Odyssey eFile GA system, which will automatically send a service copy on all counsel of record:

Robert C. Buck
Buck Law Firm
1050 Crown Pointe Parkway
Suite 940
Atlanta, Georgia 30338

Stephanie B. Sherman
Allen Stewart, P.C.
325 N. St. Paul Street
Suite 4000
Dallas, Texas 75201

This 15th day of February, 2016.

s/Anita Wallace Thomas
Anita Wallace Thomas

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CHRISTOPHER LIGHTFOOT** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **NO. 16EV000075** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GEORGIA-PACIFIC WOOD** | ) | |
| **PRODUCTS LLC, et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER OF WEYERHAEUSER NR COMPANY TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Weyerhaeuser NR Company (hereinafter referred to as "Defendant"), and subject to and without waiving any defenses, responds to Plaintiff's Complaint filed in this matter as follows, and further demands trial by jury in the event this action is allowed to proceed:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Venue is improper as to this Defendant.

### THIRD DEFENSE

This Court lacks personal jurisdiction over this Defendant.

### FOURTH DEFENSE

Plaintiff's Complaint is or may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 50 of 91

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

## SIXTH DEFENSE

This Defendant has breached no legal duty to Plaintiff and, therefore, should be dismissed.

## SEVENTH DEFENSE

Defendant denies that Plaintiff incurred any injury or damages as a result of Defendant's acts, omissions or products.  Further, as to any injury or damages alleged to have been incurred, Plaintiff failed to exercise ordinary care for his own safety and such failure on his part proximately caused any alleged injury or damages complained of, and therefore Plaintiff is not entitled to recover from Defendant.

## EIGHTH DEFENSE

Defendant denies that Plaintiff  has incurred any injury or damages; however, as to any injury or damages alleged to have been incurred, Plaintiff voluntarily and knowingly assumed the risk of incurring any injury or damages alleged in the Complaint, and therefore Plaintiff is not entitled to recover from Defendant.

## NINTH DEFENSE

The injuries of which the Plaintiff complains were not caused by any act of this Defendant but were proximately caused, solely or in part, by the acts or omissions other third parties over which this Defendant had no control, nor right of control.

## TENTH DEFENSE

Defendant denies the existence of an express warranty and/or implied warranty, and any breach thereof. Defendant further denies that Plaintiff is entitled to recovery on any breach of warranty claims insofar as they do not satisfy the privity requirements under Georgia law.

## ELEVENTH DEFENSE

The injuries of which the Plaintiff complains are due solely or, in large part, to disease or other causes and are not connected with any products allegedly sold or distributed by this Defendant.

## TWELFTH DEFENSE

Pending further investigation and discovery, Plaintiff's claims may be barred by a prior pending action.

## THIRTEENTH DEFENSE

Defendant denies that any of its products, products on its premises, or any action or inaction on its part injured or damaged Plaintiff in any way.

## FOURTEENTH DEFENSE

Plaintiff and others misused, improperly used, or substantially modified the products allegedly sold, distributed, or installed by Defendant or used on Defendant's premises that are referred to in Plaintiff's Complaint, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions and damages described in Plaintiff's Complaint, and therefore, Defendant is not liable for any alleged injuries or damages which Plaintiff claims.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 52 of 91

## FIFTEENTH DEFENSE

If Plaintiff suffered the damages alleged in the Complaint, which Defendant specifically denies, such damages did not result, directly or indirectly, from any act or omission of Defendant, but such damages, if any, resulted from the acts or omissions of persons other than Defendant, for whom Defendant is in no way liable, and Plaintiff, therefore, is not entitled to recover from Defendant.

## SIXTEENTH DEFENSE

The alleged damage/injury as a result of the alleged use of any product allegedly sold or distributed by this Defendant was proximately caused by the Plaintiff's abuse or misuse of the product.

## SEVENTEENTH DEFENSE

There is a lack of joinder of one or more necessary and indispensable parties who should or must be joined, and without joinder of such parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## EIGHTEENTH DEFENSE

The methods, standards and techniques of designing, selling, distributing, packaging, labeling, handling and manufacturing of the products referred to in Plaintiff's Complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, sold, and manufactured.

## NINETEENTH DEFENSE

Liability may not be imposed upon Defendant based on a theory of enterprise or market share liability. To the extent Plaintiff's claims are based upon such theories, they are barred.

## TWENTIETH DEFENSE

Defendant alleges that by virtue of the doctrine of judicial estoppel, Plaintiff is precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation, and are therefore precluded from alleging the material facts necessary to state a cause of action against Defendant.

## TWENTY-FIRST DEFENSE

This Defendant asserts that all defenses which have been or will be asserted by other Defendants in this action are adopted and incorporated by reference as if fully set forth, at length, herein as defenses to Plaintiff's Complaint. Moreover, this Defendant will rely upon any and all defenses supported by facts developed during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## TWENTY-SECOND DEFENSE

Contact with or use by Plaintiff of any products allegedly sold, distributed, or installed by Defendant or on Defendant's premises was not a substantial cause of Plaintiff's alleged injuries.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the injuries and/or claims against Defendant and/or other alleged joint tortfeasors, each and every count and cause of action within Plaintiff's Complaint is barred by the defenses of payment and accord and satisfaction.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the injuries and/or claims against Defendant and/or other alleged joint tortfeasors, Defendant is entitled to a set-off.

## TWENTY-FIFTH DEFENSE

To the extent that Plaintiff suffered any of the injuries alleged in Plaintiff's Complaint, Defendant's actions were not causally related to said injuries.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiff has denied payment from any alleged joint tortfeasor for Plaintiff's injuries and/or claims against Defendant and/or other alleged joint tortfeasors, each and every count and cause of action of Plaintiff's Complaint is barred by Plaintiff's lack of cooperation with Defendant, the other defendants sued in this action, and all defendants' insurers.

## TWENTY-SEVENTH DEFENSE

All of Plaintiff's claims and issues contained therein are barred by collateral estoppel and res judicata by prior pending actions.

## TWENTY-EIGHTH DEFENSE

Plaintiff's Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## TWENTY-NINTH DEFENSE

The punitive damages sought by the Plaintiff against this Defendant constitute an excessive fine under the United States Constitution and the Constitution of the State of Georgia, and Constitution of North Carolina.

## THIRTIETH DEFENSE

Plaintiff's claim for punitive damages are barred by the proscription of the Eight Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines, and the Constitution of the State of Georgia.

## THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, and the Constitution of the State of Georgia.

## THIRTY-SECOND DEFENSE

Defendant asserts that Plaintiff's claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of states other than the State of Georgia where Plaintiff's alleged exposure may have occurred.

## THIRTY-THRID DEFENSE

Plaintiff's claims against Defendant should be denied by reason of the sophisticated commercial user or learned intermediary doctrines.

## THIRTY-FOURTH DEFENSE

There is a lack or insufficiency of process and a lack or insufficiency of service of process upon Defendant and this case should therefore be dismissed as to this Defendant.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred by reason of accord and satisfaction.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 56 of 91

## THIRTY-SIXTH DEFENSE

Defendant reserves the right to amend its Answer, if it becomes appropriate, after full investigation and discovery.

## THIRTY-SEVENTH DEFENSE

As to the specific allegations of Plaintiffs' Complaint, this Defendant responds as follows:

## INTRODUCTION

1.

This Defendant denies the allegations of paragraph 1 of Plaintiff's Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 1 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

## JURISDICTION AND VENUE

2.

This Defendant admits that it is a foreign corporation registered to do business in the State of Georgia. Responding to the remaining allegations of paragraph 2 of Plaintiff's Complaint, this Defendant denies any and all allegations as they are alleged to apply to this Defendant. To the extent that any allegations contained in paragraph 2 are directed at entities other than this Defendant, the allegations are denied for lack of sufficient information upon which to form a belief.

**PARTIES**

3 – 6.

This Defendant denies the allegations contained in paragraphs 3 through 6 for lack of information sufficient to form a belief therein.

7.

This Defendant denies that it is subject to the jurisdiction and venue of this Court in this matter. Responding to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, Weyerhaeuser NR admits the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8 – 9.

This Defendant denies the allegations contained in paragraphs 8 through 9 for lack of information sufficient to form a belief therein.

**FACTUAL ALLEGATIONS**

10.

This Defendant denies the allegations of paragraph 10 of Plaintiff's Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 10 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

11 – 17.

Defendant denies each and every allegation contained in paragraphs 11 through 17 of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. To the extent that the

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 58 of 91

allegations contained in paragraphs 11 through 17 of Plaintiff's Complaint are directed at other

defendants, this Defendant has insufficient information to form a belief as to the truth or falsity

of the allegations, and therefore can neither admit nor deny said allegations. Further, as to

whether State of Georgia law applies to the claims asserted in this action, Defendant denies

knowledge or information sufficient to form a belief as to the truth of such assertion.

## FIRST CAUSE OF ACTION
### (Negligence)

18.

This Defendant reiterates its responses to each and every allegation contained in

Plaintiff's Complaint as if fully restated herein.

19 – 26.

Defendant denies each and every allegation contained in paragraphs 19 through 26,

including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are

directed at this Defendant.  Answering further, Defendant denies that Plaintiff has an injury

resulting from his alleged exposure to any product manufactured, sold, used, installed, or

distributed by Defendant.  This Defendant further denies that Plaintiffs are entitled to any

damages from this Defendant in any amount or for any reason whatsoever.  To the extent that the

allegations contained in paragraphs 19 through 26 of Plaintiff's Complaint are directed at other

defendants, this Defendant is without sufficient knowledge or information upon which to form a

belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those

remaining allegations.

## SECOND CAUSE OF ACTION

### (Products Liability Negligence)

27.

This Defendant reiterates its responses to each and every allegation contained in Plaintiff's Complaint as if fully restated herein.

28 – 29.

Defendant denies each and every allegation contained in paragraphs 28 through 29, including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. This Defendant further denies that Plaintiffs are entitled to any damages from this Defendant in any amount or for any reason whatsoever. To the extent that the allegations contained in paragraphs 28 through 29 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

23 – 27. (incorrectly repeated)

Defendant denies each and every allegation contained in paragraphs 23 through 27, including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. This Defendant further denies that Plaintiffs are entitled to any damages from this Defendant in any amount or for any reason whatsoever. To the extent that the

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 60 of 91

allegations contained in paragraphs 23 through 27 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

## THIRD CAUSE OF ACTION

### (Punitive Damages)

28. (incorrectly repeated)

This Defendant reiterates its responses to each and every allegation contained in Plaintiff's Complaint as if fully restated herein.

29. (incorrectly repeated)

Defendant denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. Moreover, this Defendant denies that it acted with willful misconduct, malice, fraud, wantonness, oppression, or with a conscious indifference to consequences. This Defendant further denies that Plaintiff is entitled to punitive damages from this Defendant in any amount or for any reason whatsoever. To the extent that the allegations contained in paragraph 29 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

The allegations set forth in the Unnumbered "Wherefore" Paragraph of Plaintiff's Complaint constitute a plea for judgment, relief, and damages, and as such cannot be properly admitted or denied. To the extent that Plaintiff alleges that he is entitled to judgment, relief, and/or damages from Defendant, this Defendant denies that any facts or circumstances exist that would entitle Plaintiff to the relief sought. Defendant further states that no facts or circumstances exist that would entitle Plaintiff to recover damages of any kind, in any amount, or under any theory of recovery whatsoever.

Any allegation not specifically responded to in Plaintiff's Complaint is herewith specifically denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant prays that judgment be entered in its favor on all claims raised herein, with costs cast upon the Plaintiff.

This 15th day of February, 2016.

Respectfully Submitted,

**EVERT WEATHERSBY HOUFF, LLC**

*/s/ Ivan A. Gustafson*
Ivan A. Gustafson
Georgia Bar No. 001630
Lucy W. Andres
Georgia Bar No. 906486
Attorneys for Weyerhaeuser NR Company

3455 Peachtree Road NE Suite 1550
Atlanta, GA 30326
(678) 651-1200
IAGustafson@ewhlaw.com
LWandres@ewhlaw.com

Page **13** of **14**

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CHRISTOPHER LIGHTFOOT | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **NO. 16EV000075** |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGIA-PACIFIC WOOD | ) | |
| PRODUCTS LLC, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the within and

foregoing **Answer of Weyerhaeuser NR Company** upon Plaintiff's counsel of record via

Georgia Odyssey E-file and Serve and by depositing a copy of same in the United States Mail

with adequate postage thereon to ensure delivery and properly addressed as follows:

| | |
|---|---|
| Robert C. Buck, Esq. | Stephanie B. Sherman, Esq. |
| BUCK LAW FIRM | ALLEN STEWART, P.C. |
| 1050 Crown Pointe Parkway, Ste 940 | 325 N. St. Paul Street, Suite 4000 |
| Atlanta, GA 30338 | Dallas, TX 75201 |

and upon all known defense counsel of record via electronic mail.

This 15th day of February, 2016.

*/s/ Ivan A. Gustafson*
Ivan A. Gustafson

EVERT WEATHERSBY HOUFF
3455 Peachtree Road, Suite 1550
Atlanta, GA 30326
IAGustafson@ewhlaw.com
1272757_1

Page **14** of **14**

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

CHRISTOPHER LIGHTFOOT                    )
                                          )          **CIVIL ACTION**
      **Plaintiff,**                    )          **NO. 16EV000075**
                                                )

**vs.**                                              )
                                            )

**GEORGIA-PACIFIC WOOD**    )
**PRODUCTS LLC, et. al,**         )
                                            )
      **Defendants.**              )

## <u>ANSWER OF WEYERHAEUSER COMPANY TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Defendant Weyerhaeuser Company (hereinafter referred to as "Defendant"), and subject to and without waiving any defenses, responds to Plaintiff's Complaint filed in this matter as follows, and further demands trial by jury in the event this action is allowed to proceed:

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### <u>SECOND DEFENSE</u>

Venue is improper as to this Defendant.

### <u>THIRD DEFENSE</u>

This Court lacks personal jurisdiction over this Defendant.

### <u>FOURTH DEFENSE</u>

Plaintiff's Complaint is or may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 64 of 91

## FIFTH DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

## SIXTH DEFENSE

This Defendant has breached no legal duty to Plaintiff and, therefore, should be dismissed.

## SEVENTH DEFENSE

Defendant denies that Plaintiff incurred any injury or damages as a result of Defendant's acts, omissions or products. Further, as to any injury or damages alleged to have been incurred, Plaintiff failed to exercise ordinary care for his own safety and such failure on his part proximately caused any alleged injury or damages complained of, and therefore Plaintiff is not entitled to recover from Defendant.

## EIGHTH DEFENSE

Defendant denies that Plaintiff has incurred any injury or damages; however, as to any injury or damages alleged to have been incurred, Plaintiff voluntarily and knowingly assumed the risk of incurring any injury or damages alleged in the Complaint, and therefore Plaintiff is not entitled to recover from Defendant.

## NINTH DEFENSE

The injuries of which the Plaintiff complains were not caused by any act of this Defendant but were proximately caused, solely or in part, by the acts or omissions other third parties over which this Defendant had no control, nor right of control.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 65 of 91

## TENTH DEFENSE

Defendant denies the existence of an express warranty and/or implied warranty, and any breach thereof. Defendant further denies that Plaintiff is entitled to recovery on any breach of warranty claims insofar as they do not satisfy the privity requirements under Georgia law.

## ELEVENTH DEFENSE

The injuries of which the Plaintiff complains are due solely or, in large part, to disease or other causes and are not connected with any products allegedly sold or distributed by this Defendant.

## TWELFTH DEFENSE

Pending further investigation and discovery, Plaintiff's claims may be barred by a prior pending action.

## THIRTEENTH DEFENSE

Defendant denies that any of its products, products on its premises, or any action or inaction on its part injured or damaged Plaintiff in any way.

## FOURTEENTH DEFENSE

Plaintiff and others misused, improperly used, or substantially modified the products allegedly sold, distributed, or installed by Defendant or used on Defendant's premises that are referred to in Plaintiff's Complaint, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions and damages described in Plaintiff's Complaint, and therefore, Defendant is not liable for any alleged injuries or damages which Plaintiff claims.

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 66 of 91

## FIFTEENTH DEFENSE

If Plaintiff suffered the damages alleged in the Complaint, which Defendant specifically denies, such damages did not result, directly or indirectly, from any act or omission of Defendant, but such damages, if any, resulted from the acts or omissions of persons other than Defendant, for whom Defendant is in no way liable, and Plaintiff, therefore, is not entitled to recover from Defendant.

## SIXTEENTH DEFENSE

The alleged damage/injury as a result of the alleged use of any product allegedly sold or distributed by this Defendant was proximately caused by the Plaintiff's abuse or misuse of the product.

## SEVENTEENTH DEFENSE

There is a lack of joinder of one or more necessary and indispensable parties who should or must be joined, and without joinder of such parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## EIGHTEENTH DEFENSE

The methods, standards and techniques of designing, selling, distributing, packaging, labeling, handling and manufacturing of the products referred to in Plaintiff's Complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, sold, and manufactured.

## NINETEENTH DEFENSE

Liability may not be imposed upon Defendant based on a theory of enterprise or market share liability. To the extent Plaintiff's claims are based upon such theories, they are barred.

Page **4** of **14**

## TWENTIETH DEFENSE

Defendant alleges that by virtue of the doctrine of judicial estoppel, Plaintiff is precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation, and are therefore precluded from alleging the material facts necessary to state a cause of action against Defendant.

## TWENTY-FIRST DEFENSE

This Defendant asserts that all defenses which have been or will be asserted by other Defendants in this action are adopted and incorporated by reference as if fully set forth, at length, herein as defenses to Plaintiff's Complaint. Moreover, this Defendant will rely upon any and all defenses supported by facts developed during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## TWENTY-SECOND DEFENSE

Contact with or use by Plaintiff of any products allegedly sold, distributed, or installed by Defendant or on Defendant's premises was not a substantial cause of Plaintiff's alleged injuries.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the injuries and/or claims against Defendant and/or other alleged joint tortfeasors, each and every count and cause of action within Plaintiff's Complaint is barred by the defenses of payment and accord and satisfaction.

**TWENTY-FOURTH DEFENSE**

To the extent that Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the injuries and/or claims against Defendant and/or other alleged joint tortfeasors, Defendant is entitled to a set-off.

**TWENTY-FIFTH DEFENSE**

To the extent that Plaintiff suffered any of the injuries alleged in Plaintiff's Complaint, Defendant's actions were not causally related to said injuries.

**TWENTY-SIXTH DEFENSE**

To the extent that Plaintiff has denied payment from any alleged joint tortfeasor for Plaintiff's injuries and/or claims against Defendant and/or other alleged joint tortfeasors, each and every count and cause of action of Plaintiff's Complaint is barred by Plaintiff's lack of cooperation with Defendant, the other defendants sued in this action, and all defendants' insurers.

**TWENTY-SEVENTH DEFENSE**

All of Plaintiff's claims and issues contained therein are barred by collateral estoppel and res judicata by prior pending actions.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

**TWENTY-NINTH DEFENSE**

The punitive damages sought by the Plaintiff against this Defendant constitute an excessive fine under the United States Constitution and the Constitution of the State of Georgia, and Constitution of North Carolina.

**THIRTIETH DEFENSE**

Plaintiff's claim for punitive damages are barred by the proscription of the Eight Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines, and the Constitution of the State of Georgia.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, and the Constitution of the State of Georgia.

**THIRTY-SECOND DEFENSE**

Defendant asserts that Plaintiff's claims are or may be barred or otherwise limited or affected by the application of provisions of the law or statutes of states other than the State of Georgia where Plaintiff's alleged exposure may have occurred.

**THIRTY-THRID DEFENSE**

Plaintiff's claims against Defendant should be denied by reason of the sophisticated commercial user or learned intermediary doctrines.

## **THIRTY-FOURTH DEFENSE**

There is a lack or insufficiency of process and a lack or insufficiency of service of process upon Defendant and this case should therefore be dismissed as to this Defendant.

## **THIRTY-FIFTH DEFENSE**

Plaintiffs' claims are barred by reason of accord and satisfaction.

## **THIRTY-SIXTH DEFENSE**

Defendant reserves the right to amend its Answer, if it becomes appropriate, after full investigation and discovery.

## **THIRTY-SEVENTH DEFENSE**

As to the specific allegations of Plaintiffs' Complaint, this Defendant responds as follows:

## **INTRODUCTION**

1.

This Defendant denies the allegations of paragraph 1 of Plaintiff's Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 1 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

## **JURISDICTION AND VENUE**

2.

This Defendant admits that it is a foreign corporation registered to do business in the State of Georgia. Responding to the remaining allegations of paragraph 2 of Plaintiff's Complaint, this Defendant denies any and all allegations as they are alleged to apply to this

Page **8** of **14**

Defendant. To the extent that any allegations contained in paragraph 2 are directed at entities other than this Defendant, the allegations are denied for lack of sufficient information upon which to form a belief.

## PARTIES

### 3 – 5.

This Defendant denies the allegations contained in paragraphs 3 through 5 for lack of information sufficient to form a belief therein.

### 6.

This Defendant denies that it is subject to the jurisdiction and venue of this Court in this matter. Responding to the remaining allegations contained in paragraph 6 of Plaintiff's Complaint, this Defendant admits the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

### 7.

This Defendant denies the allegations contained in paragraph 7 for lack of information sufficient to form a belief therein.

### 8 – 9.

This Defendant denies the allegations contained in paragraphs 8 through 9 for lack of information sufficient to form a belief therein.

## FACTUAL ALLEGATIONS

### 10.

This Defendant denies the allegations of paragraph 10 of Plaintiff's Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a

belief, this Defendant can neither admit nor deny the allegations of paragraph 10 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

11 – 17.

Defendant denies each and every allegation contained in paragraphs 11 through 17 of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. To the extent that the allegations contained in paragraphs 11 through 17 of Plaintiff's Complaint are directed at other defendants, this Defendant has insufficient information to form a belief as to the truth or falsity of the allegations, and therefore can neither admit nor deny said allegations. Further, as to whether State of Georgia law applies to the claims asserted in this action, Defendant denies knowledge or information sufficient to form a belief as to the truth of such assertion.

### FIRST CAUSE OF ACTION
#### (Negligence)

18.

This Defendant reiterates its responses to each and every allegation contained in Plaintiff's Complaint as if fully restated herein.

19 – 26.

Defendant denies each and every allegation contained in paragraphs 19 through 26, including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. This Defendant further denies that Plaintiffs are entitled to any damages from this Defendant in any amount or for any reason whatsoever. To the extent that the

allegations contained in paragraphs 19 through 26 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

## SECOND CAUSE OF ACTION

### (Products Liability Negligence)

27.

This Defendant reiterates its responses to each and every allegation contained in Plaintiff's Complaint as if fully restated herein.

28 – 29.

Defendant denies each and every allegation contained in paragraphs 28 through 29, including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are directed at this Defendant. Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant. This Defendant further denies that Plaintiffs are entitled to any damages from this Defendant in any amount or for any reason whatsoever. To the extent that the allegations contained in paragraphs 28 through 29 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

23 – 27. (incorrectly repeated)

Defendant denies each and every allegation contained in paragraphs 23 through 27, including any subparts thereof, of Plaintiff's Complaint to the extent those allegations are

directed at this Defendant.  Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant.  This Defendant further denies that Plaintiffs are entitled to any damages from this Defendant in any amount or for any reason whatsoever.  To the extent that the allegations contained in paragraphs 23 through 27 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

## **THIRD CAUSE OF ACTION**

### **(Punitive Damages)**

28. (incorrectly repeated)

This Defendant reiterates its responses to each and every allegation contained in Plaintiff's Complaint as if fully restated herein.

29. (incorrectly repeated)

Defendant denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint to the extent those allegations are directed at this Defendant.  Answering further, Defendant denies that Plaintiff has an injury resulting from his alleged exposure to any product manufactured, sold, used, installed, or distributed by Defendant.  Moreover, this Defendant denies that it acted with willful misconduct, malice, fraud, wantonness, oppression, or with a conscious indifference to consequences.  This Defendant further denies that Plaintiff is entitled to punitive damages from this Defendant in any amount or for any reason whatsoever.  To the extent that the allegations contained in paragraph 29 of Plaintiff's Complaint are directed at other defendants, this Defendant is without sufficient knowledge or information upon which to form a

belief as to the truth or falsity of those allegations, and therefore can neither admit nor deny those remaining allegations.

## UNNUMBERED "WHEREFORE" PARAGRAPH

The allegations set forth in the Unnumbered "Wherefore" Paragraph of Plaintiff's Complaint constitute a plea for judgment, relief, and damages, and as such cannot be properly admitted or denied. To the extent that Plaintiff alleges that he is entitled to judgment, relief, and/or damages from Defendant, this Defendant denies that any facts or circumstances exist that would entitle Plaintiff to the relief sought. Defendant further states that no facts or circumstances exist that would entitle Plaintiff to recover damages of any kind, in any amount, or under any theory of recovery whatsoever.

Any allegation not specifically responded to in Plaintiff's Complaint is herewith specifically denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant prays that judgment be entered in its favor on all claims raised herein, with costs cast upon the Plaintiff.

This 15th day of February, 2016.

Respectfully Submitted,

**EVERT WEATHERSBY HOUFF, LLC**

*/s/ Ivan A. Gustafson*
Ivan A. Gustafson
Georgia Bar No. 001630
Lucy W. Andres
Georgia Bar No. 906486
Attorneys for Weyerhaeuser Company

3455 Peachtree Road NE Suite 1550
Atlanta, GA 30326
(678) 651-1200
IAGustafson@ewhlaw.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CHRISTOPHER LIGHTFOOT | ) | |
| | ) | **CIVIL ACTION** |
|     **Plaintiff,** | ) | **NO. 16EV000075** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| GEORGIA-PACIFIC WOOD | ) | |
| PRODUCTS LLC, et. al, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the within and

foregoing **Answer of Weyerhaeuser Company** upon Plaintiff's counsel of record via Georgia

Odyssey e-file and serve and by depositing a copy of same in the United States Mail with

adequate postage thereon to ensure delivery and properly addressed as follows:

Robert C. Buck, Esq.                    Stephanie B. Sherman, Esq.
BUCK LAW FIRM                         ALLEN STEWART, P.C.
1050 Crown Pointe Parkway         325 N. St. Paul Street, Suite 4000
Atlanta, GA 30338                    Dallas, TX 75201

and upon all known defense counsel of record via electronic mail.

This 15th day of February, 2016.

                             */s/ Ivan A. Gustafson*
                             Ivan A. Gustafson

EVERT WEATHERSBY HOUFF
3455 Peachtree Road Suite 1550
Atlanta, GA 30326
(678) 651-1200
IAGustafson@ewhlaw.com
<sub>1272756_1</sub>

Case 7:16-cv-00244-FL   Document 1-1   Filed 02/15/16   Page 77 of 91

State Court of Fulton County
**E-FILED**
16EV000075
2/11/2016 4:41:50 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CHRISTOPHER LIGHTFOOT,                    )
                                          )
                    Plaintiff,            )
                                          )    CIVIL ACTION FILE
v.                                        )
                                          )    NO. 16EV000075
GEORGIA-PACIFIC WOOD PRODUCTS             )
LLC; GEORGIA-PACIFIC LLC, individually    )
and as successor-in-interest to GEORGIA-  )
PACIFIC CORP; WEYERHAEUSER CO.;           )
WEYERHAEUSER NR CO.; LOWE'S               )
HOME CENTERS, LLC NC,                     )
                                          )
                    Defendants.           )

## ANSWER OF DEFENDANT LOWE'S HOME CENTERS, LLC

COMES NOW, LOWE'S HOME CENTERS, LLC, a Defendant in the above-styled civil action, and files this, its Answer to Plaintiff's Complaint, as follows:

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Venue is improper as to this Defendant.

## THIRD DEFENSE

This Court lacks personal jurisdiction over this Defendant.

## FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of repose.

## FIFTH DEFENSE

Plaintiff's claims may be barred by the statute of limitations.

**SIXTH DEFENSE**

This Defendant has breached no legal duty to Plaintiff and Plaintiff's claims, therefore, should be dismissed.

**SEVENTH DEFENSE**

No act or omission of this Defendant caused or contributed to cause any injury or damage which Plaintiff may have suffered and Plaintiff, therefore, may not recover against this Defendant.

**EIGHTH DEFENSE**

Plaintiff's claims against this Defendant are barred by the negligence of a third party, which negligence is the sole proximate cause of the injuries and damages allegedly sustained by Plaintiff.

**NINTH DEFENSE**

The injuries of which the Plaintiff complains were not caused by any act of this Defendant but were proximately caused, solely or in part, by the acts or omissions of Plaintiff's employers or other third parties over which this Defendant had no control, nor right of control.

**TENTH DEFENSE**

The intervening and/or superseding negligence of others prevents any recovery by Plaintiff from this Defendant.

**ELEVENTH DEFENSE**

The injuries of which the Plaintiff complains are due solely or, in large part, to disease or other causes and are not connected with any products allegedly sold or distributed by this Defendant.

2

## TWELFTH DEFENSE

The alleged damage/injury as a result of the alleged use of any product allegedly sold or distributed by this Defendant was proximately caused by the Plaintiff's abuse or misuse of the product.

## THIRTEENTH DEFENSE

If it is judicially determined that this Defendant is liable for any injuries sustained by the Plaintiff, which is denied, then this Defendant states that any injuries so sustained were caused, in whole or in part, by the Plaintiff's own negligence and/or fault, and that Plaintiff's damages therefore should be either barred or reduced by the percentage commensurate with the degree of negligence or fault attributable to the Plaintiff.

## FOURTEENTH DEFENSE

If it is judicially determined that this Defendant is liable for any injuries sustained by the Plaintiff, which is denied, then this Defendant states that any injuries so sustained were caused, in whole or in part, by the negligence and/or fault of persons and/or entities other than this Defendant, and that Plaintiff's damages therefore should be reduced by the percentage commensurate with the degree of negligence or fault attributable such other persons and/or entities.

## FIFTEENTH DEFENSE

The methods, standards and techniques of designing, selling, distributing, packaging, labeling, handling and manufacturing of the products referred to in Plaintiff's Complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, sold, and manufactured.

3

## SIXTEENTH DEFENSE

Plaintiff's exposure to any allegedly injurious products allegedly sold or distributed by this Defendant was inconsequential or de minimis, thus, barring any recovery by the Plaintiff.

## SEVENTEENTH DEFENSE

The Plaintiff failed to identify any product allegedly sold or distributed by this Defendant which allegedly resulted in the damages to the Plaintiff.

## EIGHTEENTH DEFENSE

If Plaintiff sustained any injury as a result of his use of any product allegedly sold or distributed by this Defendant, which is denied, the danger of such injury was known to Plaintiff and the claims herein are barred by his voluntary assumption of that risk.

## NINETEENTH DEFENSE

This Defendant asserts that all defenses which have been or will be asserted by other Defendants in this action are adopted and incorporated by reference as if fully set forth, at length, herein as defenses to Plaintiff's Complaint. Moreover, this Defendant will rely upon any and all defenses supported by facts developed during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## TWENTIETH DEFENSE

The punitive damages sought by the Plaintiff constitute a violation of this Defendant's rights to equal protection under the United States Constitution and the Constitution of the State of Georgia, and Constitution of the State of North Carolina.

## TWENTY-FIRST DEFENSE

The punitive damages sought by the Plaintiff against this Defendant constitute an excessive fine under the United States Constitution and the Constitution of the State of Georgia, and Constitution of North Carolina.

## TWENTY-SECOND DEFENSE

This Defendant contends that Plaintiff failed to take adequate steps and precautions for the safe use of the materials described in the Plaintiff's Complaint, said failure being the proximate cause of Plaintiff's damages, if any, and therefore, Plaintiff is not entitled to recover against this Defendant.

## TWENTY-THIRD DEFENSE

This Defendant contends there was no concert of action between this Defendant and any other Defendant herein, and therefore, the Defendants are not joint tortfeasors and this Defendant may not be held jointly and severally liable with the other Defendants.

## TWENTY-FOURTH DEFENSE

Responding to the specific, numbered paragraphs of Plaintiff's Complaint, this Defendant shows as follows:

## INTRODUCTION

1.

This Defendant denies the allegations of paragraph 1 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 1 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

5

## JURISDICTION AND VENUE

### 2.

This Defendant admits that it is a foreign corporation registered to do business in the State of Georgia and that it has, and does, sell wood products in the State of Georgia and in other states. Responding to the remaining allegations of paragraph 2 of Plaintiff's Complaint, this Defendant denies any and all allegations as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 2 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

## PARTIES

### 3.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 3 of Plaintiff's Complaint.

### 4.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 4 of Plaintiff's Complaint.

### 5.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 5 of Plaintiff's Complaint.

### 6.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 6 of Plaintiff's Complaint.

7.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 7 of Plaintiff's Complaint.

8.

This Defendant denies that it is subject to the jurisdiction and venue of this Court in this matter. Responding to the remaining allegations contained in paragraph 8 of Plaintiff's Complaint, this Defendant admits the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 9 of Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

10.

This Defendant denies the allegations of paragraph 10 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 10 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

11.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 11 of Plaintiff's Complaint.

12.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 12 of Plaintiff's Complaint.

13.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 13 of Plaintiff's Complaint.

14.

This Defendant denies the allegations of paragraph 14 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 14 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

15.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.

This Defendant denies the allegations of paragraph 17 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 17 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

**FIRST CAUSE OF ACTION**

**(Negligence)**

18.

This Defendant incorporates by reference its answers to all allegations of Plaintiff's Complaint as though fully set forth herein.

8

19.

This Defendant denies the allegations of paragraph 19 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 19 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

20.

This Defendant denies the allegations of paragraph 20 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 20 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

21.

This Defendant denies the allegations of paragraph 21 of Plaintiffs' Complaint as they are alleged to apply to this Defendant, including the allegations contained in subparagraphs a through g. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 21 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

22.

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations of paragraph 23 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a

9

belief, this Defendant can neither admit nor deny the allegations of paragraph 23 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

24.

This Defendant denies the allegations of paragraph 24 of Plaintiffs' Complaint as they are alleged to apply to this Defendant, including the allegations contained in subparagraphs a through c. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 24 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

25.

This Defendant denies the allegations of paragraph 25 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 25 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

26.

This Defendant denies the allegations of paragraph 26 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 26 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

<strong><u>SECOND CAUSE OF ACTION</u></strong>

<strong>(Products Liability Negligence)</strong>

27.

This Defendant incorporates by reference its answers to all allegations of Plaintiff's Complaint as though fully set forth herein.

10

This Defendant denies the allegations of paragraph 28 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 28 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

29.

This Defendant denies the allegations of paragraph 29 of Plaintiffs' Complaint as they are alleged to apply to this Defendant, including the allegations contained in subparagraphs a through e. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of paragraph 29 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

23.[sic]

This Defendant denies the allegations of second paragraph 23 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of second paragraph 23 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

24.[sic]

This Defendant denies the allegations of second paragraph 24 of Plaintiffs' Complaint as they are alleged to apply to this Defendant and specifically denies that the products were hazardous or defective. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of second paragraph 24 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

11

25.[sic]

For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of the second paragraph 25 of Plaintiff's Complaint.

26.[sic]

This Defendant denies the allegations of second paragraph 26 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of second paragraph 26 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

27.[sic]

This Defendant denies the allegations of second paragraph 27 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of second paragraph 27 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

## **THIRD CAUSE OF ACTION**

### **(Punitive Damages)**

28.[sic]

In response to the second paragraph 28, this Defendant incorporates by reference its answers to all allegations of Plaintiff's Complaint as though fully set forth herein.

29.[sic]

This Defendant denies the allegations of second paragraph 29 of Plaintiffs' Complaint as they are alleged to apply to this Defendant. For want of sufficient information upon which to form a belief, this Defendant can neither admit nor deny the allegations of second paragraph 29 of Plaintiff's Complaint as they are alleged to apply to the other named Defendants.

12

30.

Responding to the unnumbered prayer for relief following the second paragraph 29 of Plaintiff's Complaint, this Defendant denies said prayer for relief and denies subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), (i) and (j) of said prayer for relief.

**<u>TWENTY-FIFTH DEFENSE</u>**

This Defendant denies being indebted to the Plaintiff in any amount whatsoever, and if any allegations of Plaintiff's Complaint have been neither admitted nor denied in the course of this response, they are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays that it be discharged hence without liability and demands a trial by jury of twelve persons.

This 11th day of February, 2016.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    */s/ Steven R. Wilson*
_____
K. Marc Barré, Jr.
Georgia Bar No. 039555
Steven R. Wilson
Georgia Bar No. 614233
Attorneys for Defendant Lowe's Home Centers, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309-3231
(404) 874-8800
(404) 888-6199 [facsimile]

13

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the within and foregoing *ANSWER OF DEFENDANT LOWE'S HOME CENTERS, LLC* by depositing a copy of said pleading in the United States Mail with proper postage affixed thereto to ensure proper delivery and addressed as follows:

> Robert C. Buck, Esquire
> Buck Law Firm
> Suite 940
> 1050 Crown Pointe Parkway
> Atlanta, GA 30338
>
> Stephanie B. Sherman, Esquire
> Allen Stewart, P.C.
> 325 N. St. Paul Street, Suite 4000
> Dallas, TX 75201

This 11th day of February, 2016.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    */s/ Steven R. Wilson*

                                            _____
K. Marc Barré, Jr.
Georgia Bar No. 039555
Steven R. Wilson
Georgia Bar No. 614233
Attorneys for Defendant Lowe's Home Centers, LLC

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
(404) 874-8800
(404) 888-6199 [facsimile]