IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-244-FL

| | | |
|---|---|---|
| CHRISTOPHER LIGHTFOOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GEORGIA-PACIFIC WOOD | ) | |
| PRODUCTS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiff Christopher Lightfoot's ("Plaintiff") Motion to Enforce Case Management Order pursuant to Rule 16(f) of the Federal Rules of Civil Procedure [DE-99] and Georgia-Pacific Wood Products LLC's ("Defendant") Motion to Strike Supplemental Expert Report [DE-108]. In his motion, filed May 31, 2017, Plaintiff requests that the court exclude 13 witnesses disclosed by Defendant in its Second Supplemental Disclosures served on April 19, 2017, and one additional witness disclosed in Defendant's Third Supplemental Disclosures served on May 26, 2017. *Id.* On May 31, 2017, Defendant filed a Motion to Strike Plaintiff's Motion, arguing Plaintiff's motion failed to comply with Local Civil Rule 7.1(c)(2) and Section II.D. of the Case Management Order [DE-101], and on June 9, 2017, Plaintiff filed a response in opposition to Defendant's Motion to Strike Plaintiff's Motion [DE-103]. On June 14, 2017, Defendant filed a response in opposition to Plaintiff's Motion to Enforce Case Management Order. [DE-105]. On June 23, 2017, Defendant filed a Motion to Strike Supplemental Expert Report [DE-108], and defendants Weyerhaeuser Company and Weyerhaeuser NR Company filed a motion to join Defendant's Motion to Strike Supplemental Expert Report [DE-110]. In its motion, Defendant requests that the court strike the June 22,

2017 Supplemental Expert Report of Dr. Rachael Jones pursuant to Section I.I. of the Case Management Order. On July 7, 2017, Plaintiff filed a response in opposition to Defendant's Motion to Strike Supplemental Expert Report. [DE-113]. All motions have been fully briefed or the time for filing responsive briefing has expired and are thus ripe for decision. For the reasons that follow, Plaintiff's Motion to Enforce Case Management Order [DE-99] is allowed; Defendant's Motion to Strike Plaintiff's Motion [DE-101] is denied; Defendant's Motion to Strike Supplemental Expert Report [DE-108] is denied; and defendants Weyerhaeuser Company and Weyerhaeuser NR Company's Motion to Join Defendant's Motion to Strike Supplemental Expert Report [DE-110] is allowed.

## I. DISCUSSION

### A. Plaintiff's Motion to Enforce Case Management Orders

On September 27, 2016, the court entered its Case Management Order. [DE-76]. The Case Management Order provided that, "C. All discovery, including expert discovery, shall be commenced or served in time to be completed by September 1, 2017. Fact discovery must be completed by March 1, 2017." [DE-76]. It also provided that,

> "J. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by January 20, 2017. The supplemental disclosures served 40 days before the deadline for completion of fact discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up 'written' discovery) concerning a witness or exhibit disclosed by another party <u>before</u> the time allowed for discovery expires.

*Id.* The Case Management Order was amended on March 1, 2017, extending the fact discovery deadline to May 1, 2017, and leaving unchanged the remaining case deadlines in the order.[1] [DE-89]. Accordingly, the amended deadline for supplementations of disclosures was March 22, 2017—forty days before the May 1, 2017 amended fact discovery deadline. Defendant served its Second Supplemental Disclosure on April 19, 2017, 28 days after the deadline for supplementations of disclosures. Pl.'s Mot. [DE-99] at 1. Defendant's Second Supplemental Disclosure listed 13 additional witnesses who were current or former employees of Defendant and subsidiary companies, with whom Defendant's designated 30(b)(6) representative had consulted in preparation for his March 29, 2017 30(b)(6) deposition. *Id.* at 1–2. Defendant served its Third Supplemental Disclosure on May 26, 2017, 65 days after the deadline for supplementations of disclosures. *Id.* at 2. Defendant's Third Supplemental Disclosure listed one additional witness, who is also a former employee of Defendant. *Id.*

Plaintiff asserts that, pursuant to Rule 16(f)(1)(C), the court should strike the 14 untimely-disclosed witnesses contained in Defendant's Second and Third Supplemental Disclosures. In the alternative, Plaintiff requests that, if Defendant attempts to conduct a *de bene esse* deposition of Stewart Holm, the witness disclosed in Defendant's Third Supplemental Disclosure, that Plaintiff should be allowed to conduct a discovery deposition at least seven days ahead of the *de bene esse* deposition.

Under Rule 16(f), the court may issue "any just order," including one imposing sanctions provided for in Rule 37(b)(2)(A)(ii)–(vii). The sanctions provided for in that rule include: (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; and (iii) striking pleadings in whole or in part.

---

[1] On October 2, 2017, the Court entered a Third Amended Case Management Order, extending the deadlines for defense experts' depositions, *Daubert* motions, and dispositive motions. [DE-119]. These amended deadlines have no bearing on the instant motions.

3

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(iii). The primary focus of the Rule 16(f) analysis is "whether [the disobedient party] has shown good cause for its failure to timely disclose." *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 5592808, at *4 (E.D.N.C. Oct. 10, 2013) (quoting *Aveka LLC v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002)).

Defendant responded to Plaintiff's motion in two ways: first moving to strike the motion for failure to comply with Local Rule 7.1(c)(2) and Section II.D. of the Case Management Order, arguing that Plaintiff's motion was substantively a motion to compel deposition [DE-101]; and second opposing the motion on the merits [DE-105]. The court denies Defendant's motion to strike Plaintiff's motion. Plaintiff's motion is not substantively a motion to compel deposition, but rather a motion to enforce the Case Management Order and strike the untimely disclosures. As an alternative form of relief, Plaintiff requested that the court allow him to conduct a factual deposition of Stewart Holm *if* Defendant attempts to conduct a *de bene esse* deposition. As such, there is no merit to Defendant's Motion to Strike Plaintiff's Motion, and it is accordingly denied.

In its opposition to Plaintiff's motion, Defendant provides four reasons its supplemental disclosures should not be stricken. Def.'s Resp. Opp. [DE-105]. First, Defendant contends that the supplemental disclosures were served within the discovery period and long before trial, and therefore Plaintiff had sufficient time to depose any additional witnesses. *Id.* at 1. Defendant states that it presently only intends to call, at most, one of the newly-disclosed witnesses at trial. *Id.* Second, Defendant contends that good cause exists to allow the supplemental disclosures, arguing that Plaintiff's "novel legal theory, a decades-old relevant time period, and Plaintiff's failure to articulate a clear theory of liability as to [Defendant]" justifies the untimely disclosures. *Id.* Third, Defendant contends that Plaintiff is still in the process of supplementing its own discovery and disclosures, "which demonstrates the fluid nature of this case." *Id.* at 2.

Fourth, Defendant again asserts that Plaintiff's motion should be stricken for failure to comply with Local Civil Rule 7.1(c)(2) and Section II.D. of the Case Management Order. *Id.*

None of Defendant's reasons show good cause for its failure to timely disclose the additional fourteen witnesses. Defendant's reasons ignore the District Court's Case Management Order, as well as the specific rationale provided in the Case Management Order for the supplemental disclosures 40-day deadline. [DE-76]. The Case Management Order provides that,

> The rationale for the mandatory supplemental disclosures 40 days before the disclosure deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition concerning a whiteness or exhibit disclosed by another party before the time allowed for discovery expires."

*Id.* Defendant's argument that good cause exists due to the complexity and duration of the relevant time period of Plaintiff's case is insufficient. Defendant's explanation for the untimely disclosures is that "Plaintiff refused to provide any substantive response to [its] interrogatories seeking the factual basis that [Defendant] was negligent or aware that the wood products could cause cancer" and thus its untimeliness "was necessitated by Plaintiff's late development of his case." Def.'s Resp. Opp. [DE-105] at 7. However, Defendant failed to file a motion to dismiss pursuant to Rule 12 or a motion to compel discovery pursuant to Rule 37. Accordingly, Defendant's justification for untimely disclosures is not sufficient to show good cause. Defendant's argument regarding the fluidity of this case has no bearing when there is a clear Case Management Order setting forth the relevant discovery deadlines. The court can only deviate from those clear deadlines upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); *See Velasquez v. Salsas & Beer Restaurant, Inc.*, No. 5:15-CV-146-D, 2016 WL 3339488, at *2 (E.D.N.C. June 13, 2016) ("A trial court's scheduling order 'is not a frivolous piece of paper,

idly entered, which can be cavalierly disregarded by counsel without peril.'") (quoting *Gestetner Corp. v. Case Equip. Co.*, 107 F.R.D. 138, 141 (D. Me. 1985)). Further, there were subsequent Amended Case Management Orders which could have addressed Defendant's need for additional time, had such time been requested. Lastly, the court disregards Defendant's final argument regarding its previously filed Motion to Strike Plaintiff's Motion because it is denied for the reasons stated above. *See supra* section I.A. p. 4. Accordingly, the court finds that Defendant has violated the Scheduling Order.

If the court finds such a discovery violation without good cause, it has "broad discretion in employing sanctions." *Id.* Under Rule 16(f), the court may impose the full range of sanctions, including precluding the expert's testimony. *Aveka LLC*, 212 F.R.D. at 309 (citing *Boardman v. National Medical Enterprises*, 206 F.3d 840, 843 (8th Cir. 1997)). Relevant considerations in determining sanctions appropriate for a discovery violation include: (1) the explanation for the failure to obey the order; (2) the importance of the testimony; (3) the prejudice to the opposing party by allowing the disclosures; (4) the availability of alternative or lesser sanctions; (5) the interest in expeditious resolution of litigation; (6) a court's need to manage its docket; and (7) public policy favoring disposition of cases on the merits. *SMD Software, Inc.*, 2013 WL 5592808, at *4. Plaintiff requests that the court either strike the 14 untimely-disclosed witnesses, or, in the alternative, allow him to conduct a factual deposition of Stewart Holm if Defendant attempts to conduct a *de bene esse* deposition of Mr. Holm in the future. First, as stated above, Defendant's proffered explanation for its failure to obey the supplemental disclosures deadline is unconvincing. Second, Defendant posits that, of the 14 witnesses, Mr. Holm is the only witness it may call at trial. This suggests that the testimony of the additional witnesses is not of great import to the case. Third, the prejudice to Plaintiff by allowing the disclosures is slight,

considering Defendant has stated only one witness may be asked to testify. Fourth, Plaintiff has requested two remedies, one more severe (striking the witnesses) and one less severe (allowance to conduct a factual deposition of Mr. Holm if Defendant attempts to conduct a *de bene esse* deposition). Therefore, a lesser sanction is available. Fifth, Plaintiff's alternative remedy of a factual deposition would promote an expeditious resolution of litigation. Sixth, striking the 14 witnesses is consistent with the court's need to manage its docket and uphold the Case Management Order deadlines. Finally, neither of Plaintiff's requested remedies would lead to the disposition of the case based on non-meritorious grounds. Accordingly, after considering all seven factors, the court finds that Plaintiff's alternative request for relief is most appropriate, and therefore is allowed to conduct a factual deposition of Stewart Holm only if Defendant attempts to conduct a *de bene esse* deposition of Mr. Holm in the future.

### B. Defendant's Motion to Strike Supplemental Expert Report

Pursuant to the court's Amended Case Management Order, Plaintiff's Experts' Reports Deadline was June 1, 2017. [DE-89]. On June 1, 2017, Plaintiff served an Expert Report for Dr. Rachael Jones on Defendants. Def.'s Mem. [DE-109] at 1. Plaintiff then scheduled Dr. Jones' deposition for June 26, 2017. *Id.* On June 22, 2017, two business days before Dr. Jones' deposition and 21 days after Plaintiff's Experts' Reports Deadline, Plaintiff served on Defendants a supplemental expert report for Dr. Jones. *Id.* In her supplemental report, Dr. Jones states that "she has recently re-reviewed several documents," all of which were produced before her original report. *Id.* at 2. Defendant contends that the supplemental expert report was untimely and therefore requests that it be stricken pursuant to Rule 37(c)(1), asserting Dr. Jones' "late disclosure of these opinions is not harmless because Defendants would be prejudiced by the unfair surprise and lack of time to investigate Dr. Jones' new opinions with only two business

7

days' notice before her deposition." Def.'s Mem. [DE-109] at 3. Plaintiff argues that Dr. Jones supplemented her expert report as contemplated by Rules 26(e)(1) and (2) and thus her report should not be stricken. Pl.'s Mem. Opp. [DE-113] at 1.

Rule 26(e) requires that the parties timely supplement and correct their discovery disclosures. *See* Fed. R. Civ. P. 26(e). As it pertains to expert or opinion witness reports, "a party has a duty to supplement a materially incomplete or incorrect report or deposition testimony by the time pretrial disclosures are due under Rule 26(a)(3)." *See AMEC Env't & Infrastructure, Inc. v. Structural Assocs., Inc.*, No. 7:13-CV-21-BO, 2015 WL 1000766, at *2 (E.D.N.C. Mar. 5, 2015); *see also* Fed. R. Civ. P. 26(e)(2). "Courts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship . . . ." *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008). Courts have broad discretion to determine whether a Rule 26(e) violation was justified or harmless and to determine a remedy for that violation. *See Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *2 (E.D.N.C. May 7, 2012). Further, in relevant part, Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or *to amend a prior response to discovery as required by Rule 26(e)(2)*, is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Here, Dr. Jones supplemented her original expert report to accomplish the following: (1) to include a list of materials she reviewed that had not been specifically listed in her original report—but had been previously disclosed—which included Defendant's responses to Plaintiff's discovery requests and Defendant's material safety data sheets; (2) to correct the year that IARC identified wood dust to be a known human carcinogen ("In my preliminary opinion, I incorrectly identified the

8

year that IARC identified wood dust to be a known human carcinogen (Group 1) as 2012. In fact, the designation was assigned in 1995(1)."); and (3) to clarify a statement already included in her original report, which she quotes and then after a one-paragraph clarifying statement, states that she affirms her preliminary opinion. Pl.'s Mem. Opp. [DE-113] at 2.

Defendant posits that, "the bulk of the supplemental opinion is an attempt to add a new opinion to [Dr. Jones'] original report." Def.'s Mem. [DE-109] at 3. Defendant relies on *Beach Mart, Inc. v. L & L Wings, Inc.*, No. 2:11-CV-44-F, 2016 WL 347398, at *3 (E.D.N.C. Jan. 27, 2016) to support its argument that Dr. Jones' supplemental expert report should be stricken. Defendant's reliance on this case is unfounded. In *Beach Mart*, an expert report was supplemented over a month after expert disclosures were due in order "to shoehorn in a piece of evidence that [the defendant]'s counsel sought out after fact discovery had already closed." *Id.* In that case, the defendant had not sought out this information until after fact discovery had closed, and then sought to supplement its expert report to bolster its conclusions and introduce the newly-found information. *Id.* The court in *Beach Mart* highlighted the egregious nature of this conduct by comparing it to an acceptable supplementation that "correct[s] an inadvertent error or omission." *Id.* Defendant argues that Plaintiff's actions here are more egregious than those of the defendant in *Beach Mart* because here the supplemental expert report cited documents that were already known to Dr. Jones, as opposed to newly-discovered information. Def.'s Mem. [DE-109] at 3. The court disagrees. Dr. Jones' supplemental expert report accomplishes what Rule 26(e) contemplates by supplementing a materially incomplete or incorrect report. Further, Rule 37(c)(1) provides that a party is not permitted to use at trial any information that is not properly amended pursuant to Rule 26(e)(2). *See* Fed. R. Civ. P. 37(c)(1). Therefore, had Plaintiff *not* supplemented Dr. Jones' report in accordance with Rule 26(e)(2), he

may not have been permitted to use her original report at trial pursuant to Rule 37(c)(1). Dr. Jones did not amend her conclusions or add new information or documentation to the supplemental report—rather she corrected an inadvertent error or omission. The court rejects Defendant's argument that it "would be prejudiced by unfair surprise" because the corrections in the supplemental report do not change Dr. Jones' overall expert opinion, and the nature of the supplementations would not disrupt Defendant's trial preparation. Accordingly, Defendant's Motion to Strike Dr. Jones' Supplemental Expert Report is denied.

### C. Defendants Weyerhaeuser Company and Weyerhaeuser NR Company Motion to Join Defendant's Motion to Strike Supplemental Expert Report

Defendants Weyerhaeuser Company and Weyerhaeuser NR Company seek to join Defendant's Motion to Strike Supplemental Expert Report. [DE-110]. There was no opposition filed. Accordingly, the motion is allowed.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Enforce Case Management Order pursuant to Rule 16(f) [DE-99] is ALLOWED, and accordingly Plaintiff is allowed to conduct a factual deposition of Stewart Holm only if Defendant attempts to conduct a *de bene esse* deposition of Mr. Holm in the future; Defendant's Motion to Strike Plaintiff's Motion [DE-101] is DENIED; Defendant's Motion to Strike Supplemental Expert Report [DE-108] is DENIED; and Defendants Weyerhaeuser Company and Weyerhaeuser NR Company's Motion to Join Defendant's Motion to Strike Supplemental Expert Report [DE-110] is ALLOWED.

So ordered, the 2nd day of November 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

10