IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-244-FL

| | | |
|---|---|---|
| CHRISTOPHER LIGHTFOOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| GEORGIA-PACIFIC WOOD PRODUCTS, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motions for bill of costs filed by defendants Georgia-Pacific LLC and Georgia-Pacific Wood Products, LLC (collectively "Georgia-Pacific") [DE-232] and Weyerhauser Company [DE-233]. Plaintiff has not responded to the motions, and the time to do so has passed. For the reasons set forth below, the motions are GRANTED in part.

## BACKGROUND

Plaintiff commenced this action in state court in Fulton County, Georgia, on January 7, 2016, for personal injuries, including a form of sinonasal cancer, allegedly sustained as a result of exposure to wood dust associated with products manufactured and sold by defendants. Following the removal of the action to the United States District Court for the Northern District of Georgia, the action was transferred to this court on July 1, 2016. Following a period of discovery and pretrial motions, defendants Georgia-Pacific and Weyerhauser Company separately moved for summary judgment as to plaintiff's claims against them. On February 21, 2020, the court granted defendants' motions for summary judgment [DE-230] and the clerk

entered judgment that same day [DE-231]. The defendants timely filed their motions for bills of costs.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

In this case, defendant Georgia-Pacific seeks $21,598.95 in costs, while defendant Weyerhauser Company seeks $20,493.88 in costs. Most of the costs sought by defendants are for fees of printed or electronically recorded transcripts necessarily obtained for use in the case, pursuant to § 1920(2). The supporting documentation for the requested costs, however, shows charges for exhibits, delivery, shipping and handling, litigation support packages, finance charges, and administrative fees. Defendant Weyerhauser's request also includes charges for expedited processing and rough drafts. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing any of these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F,

2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, transcript costs under § 1920(2) in the amount of $1,440.18[1] are disallowed as to Georgia-Pacific, and transcript costs in the amount of $2343.72[2] are disallowed as to Weyerhauser Company. Transcript costs in the amount of $19,519.34 are allowed as to Georgia-Pacific, and transcript costs in the amount of $15,480.80 are allowed as to Weyerhauser Company.

Both Georgia-Pacific and Weyerhauser Company also seek costs for obtaining copies of plaintiff's medical records pursuant to § 1920(4), which allows for fees for exemplification and copies of papers necessarily obtained for use in the case. The requests are properly supported and allowable. See Lawson v. Bethesda Lutheran Communities, Inc., No. 1:11-CV-228, 2012

---

[1] The disallowed costs include: (1) a $3.68 finance charge for the Michelle Lightfoot Durant deposition; (2) $75.00 administrative fee, $12.50 exhibit fee, and $25.00 e-transcript fee for the deposition of the Georgia Pacific 30(b)(6) designee; (3) $48.00 exhibit fee for the Bruce Ribner deposition; (4) $75.00 administrative fee, $55.00 exhibit fees, and $25.00 e-transcript fee for the John David Steed deposition; (5) $84.00 exhibit fee and $35.00 e-delivery fee for the Rachel Jones deposition; (6) $75.00 administrative fee, $38.00 exhibit fee, and $25.00 e-transcript fee for the James Stark deposition; (7) $75.00 administrative fee, $70.00 exhibit fees, and $25.00 e-transcript fee for the Ellen Chang deposition; (8) $75.00 administrative fee, $64.00 in exhibit fees, and $25.00 e-transcript fee for the Jennifer Sahmel deposition; (9) $75.00 administrative fee, $11.00 exhibit fee, and $25.00 e-transcript fee for the John L. Festa deposition; (10) $75.00 administrative fee, $186.50 in exhibit fees, and $25.00 e-transcript fee for the Joseph Fedoruk deposition, and (11) $75.00 administrative fee, $32.50 exhibit fee, and $25.00 e-transcript fee for the Eric Boelhouwer deposition.

[2] The disallowed costs include (1) $11.00 exhibit fee and $45.00 shipping fee for the February 15, 2017 Christopher Lightfoot deposition; (2) $17.00 shipping fee for the February 15, 2017 Christopher Lightfoot video deposition; (3) $75.00 administrative fee, $38.00 exhibits fee and $25.00 e-transcript fee for the James Stark deposition; (4)$75.00 administrative fee, $27.00 exhibit fee, and $25.00 e-transcript fee for the Fidino deposition; (5) $87.50 rough draft charge and $40.80 exhibits fee for the David Garabrant deposition; (6) $26.92 exhibits fee and $35.00 e-delivery for the Rachel Jones deposition; (7) $75.00 administrative fee, $55 exhibit fees, $25.00 e-transcript fee for the John David Steed deposition; (8) $25.00 administrative fee, $186.50 exhibits fee and $25.00 e-transcript fee for the Joseph Fedoruk deposition; (9) $75.00 administrative fee, $64 exhibits fee, $25.00 e-transcript fee and $177.00 rough draft charge for the Jennifer Sahmel deposition; (10) $127.50 rough draft charge, $75.00 administrative fee, $11.00 exhibits fee, and $25.00 transcript fee for the John L. Festa deposition, (11) $438.00 rush charge, $75.00 administrative fee, $70.00 exhibits fee, and $25.00 e-transcript fee for the Ellen Chang deposition; (12) $75.00 administrative fee, $12.50 exhibit fee, and $25.00 e-transcript fee for the deposition of the Georgia Pacific 30(b)(6) designee; (13) $75.00 administrative fee, $12.50 exhibits fee, $25.00 e-transcript fee, and $10.00 Dropbox fee for the Cereghini deposition, and (14) $10 for the Dropbox fee for the Fidino video deposition.

WL 672544, at *2-3 (N.D. Ind. Dec. 28, 2012) (allowing the defendant's motion to recoup cost of printing and copying charges of medical records paid to third-party medical providers); Eberhart v. Novartis Pharm. Corp., 282 F.R.D. 697, 701 (N.D. Ga. 2012) (finding that the defendant was entitled to reimbursement of charges of medical provider to provide medical records). Accordingly, Georgia-Pacific's request in the amount of $264.83 and the Weyerhauser Company's request in the amount of $2,889.78 are allowed.

Finally, Georgia-Pacific seeks costs for the filing fee it paid to remove the case to this court, pursuant to § 1920(1). This request for costs in the amount of $400.00 is allowed.

## CONCLUSION

For the forgoing reasons, the motions for bill of costs [DE-232; DE-233] are GRANTED in part. As prevailing parties, defendants Georgia-Pacific LLC and Georgia-Pacific Wood Products, LLC [DE-232] are awarded (1) $400.00 in costs pursuant to § 1920(1); (2) $19,519.34 in costs pursuant to § 1920(2) and (3) $264.83 pursuant to § 1920(4). Further, as a prevailing party, defendant Weyerhauser Company is awarded (1) $15,480.80 in costs pursuant to § 1920(2) and (2) of $2,889.78 in costs pursuant to § 1920(4). These costs are taxed against Plaintiff Christopher Lightfoot and shall be included in the judgment.

SO ORDERED. This the 30 day of April, 2020.

_____
Peter A. Moore, Jr.
Clerk of Court